W. T. Oller, Appellee, v. New York Fire Insurance Company, Appellant.

Term No. 49021.

 Opinion filed January 19, 1950. Released for publication February 20, 1950.

ARTHUR F. MELVIN, of Marion, for appellant.

DOROTHY WILBOURN and ASA J. WILBOURN, both of Cairo, for appellee.

Mr. Presiding Justice Bardens delivered the opinion of the court.

Appellee instituted suit in the circuit court of Alexander county against appellant based upon a policy of insurance together with endorsement and renewal certificate issued by appellant. Trial was had before the court without a jury and resulted in a judgment against appellant in the sum of $2,750 being the face amount of the policy of $2,500, plus interest. Appellant concedes that the sum of $1,694.30 is due and payable to appellee on the policy and brings this appeal to reverse the judgment of the lower court and asks this court to enter judgment here for the sum of $1,694.30 in favor of appellee.

The appellant, New York Fire Insurance Company, on October 27, 1939, issued to appellee a fire insurance policy, No. 16–51053, insuring property of appellee against fire loss in a sum not exceeding $2,500 for a period of five years. The premium paid was $105.70. On November 20, 1940, in consideration of the premium of $9.60, appellant executed its extended coverage endorsement to the said fire policy, the material provisions of which are as follows: "In consideration of $9.60 premium, and subject to provisions and stipulations (hereinafter referred to as "provisions") herein and in the policy to which this endorsement is attached, including riders and endorsements thereon, the coverage of this policy is extended to include direct loss by Windstorm, Hail, Explosion, Riot, Riot Attending a Strike, Civil Commotion, Aircraft, Vehicles, and Smoke.

"This endorsement does not increase the amount or amounts of insurance provided in the policy to which it is attached.

"Substitution of Terms: In the application of the provisions of this policy, including riders and endorsements (but not this endorsement), to the perils cov-

ered by this Extended Coverage Endorsement, wherever the word "fire" appears there shall be substituted therefor the peril involved or the loss caused thereby, as the case requires."

"Attached to and forming part of Policy No. 16–51053 of the New York Fire Insurance Company of New York, issued at its Cairo, Illinois, Agency. Dated November 20, 1940."

On October 27, 1944, a renewal certificate was issued by the company renewing said policy, No. 16–51053, together with endorsements for a period of five years for a premium of $168.50.

Thereafter, in May 1945, appellee suffered a windstorm loss of $805.70 which was paid by the company. In February of 1947, the building of the appellee which was insured was totally destroyed by fire and the parties stipulated that the loss by fire exceeded $2,500.

Appellant contends that the policy with the extended coverage endorsement constituted only one policy for $2,500 on the various perils enumerated and its liability in any event or events was that sum; that having previously paid $805.70 on the windstorm loss, it now owes only the difference between $2,500 and the sum paid, or $1,694.30.

Appellee contends that the original fire policy and the extended coverage endorsement constitute two severable contracts, one covering fire loss and the other covering windstorm and other losses for which separate premiums were paid. He further argues that under the endorsement clause entitled "Substitution of Terms," by substituting the word "windstorm" for the word "fire" in the original policy, it clearly appears that he was insured against the peril of windstorm in the amount of $2,500 in addition to his protection against fire in the amount of $2,500; therefor, the amount paid on windstorm loss does not affect his right to recover $2,500 for his fire loss. Appellant

argues that the documents show on their face that there is but one contract represented by the original and the endorsement; that the endorsement expressly recites it is a part of the original policy; that while an additional premium was paid for the endorsement, it was paid only for coverage of additional risks and not for an additional amount; that the endorsement states clearly "this endorsement does not increase the amount or amounts of insurance"; that no matter what perils cause the losses, the extent of its liability is $2,500.

No cases are cited and we find none that pass upon this exact question. We are therefor called upon to interpret the policy, including the extended coverage endorsement.

The appellee cites and relies upon the familiar rule of law that in construing insurance contracts where there is ambiguity in the policy, the construction would be adopted which is most favorable to the assured. (Citing *Joseph v. New York Life Ins. Co.,* 308 Ill. 93.) We, of course, recognize this rule, but do not find that ambiguity exists in the policy and the endorsement. The original policy and the extended coverage endorsement constitute by the language used in the last clause of the endorsement one and only one policy contract. The endorsement is entitled "Extended Coverage Endorsement." By its terms it is not an insurance agreement and does not purport to insure anything, but it does extend the coverage of the policy to nine different perils not included in the original. The "Substitution of Terms" clause does provide $2,500 in insurance as to each one of the perils named therein, but by clear language of the endorsement the amount of insurance for which the company is liable is not increased.

Prior to the endorsement a complete loss of the building by windstorm would not have created a

liability of any amount against the company. After the endorsement there were ten different perils or risks that could create liability. However, the appellee purchased $2,500 in amount of insurance and that is the full sum he is entitled to collect in any event or series of events. When the company has paid the amount of $2,500, it has discharged its obligations under the policy and endorsement. (*Mechanics' Ins. Co. of Philadelphia v. Hodge,* 149 Ill. 298.)

Appellee cites two cases as authority by analogy for his contention that the windstorm endorsement is a separate and distinct policy from the original fire policy. These cases are *Hallihan v. Home Ins. Co. of New York,* 267 Ill. App. 343 and *Forman v. Hope Ins. Co. of New York,* 21 N. Y. S. (2d) 445. In both of these cases a fire policy was originally issued and later a "lightning rider" was added, in which rider it was provided that it was "subject to the terms and conditions of the policy." One of the conditions of the policy provided that suit on the policy was limited to twelve months next "after the fire." In each case a lightning loss was sustained and suit was commenced after twelve months subsequent to the loss. The court pointed out that there was no fire and no fire loss and hence the condition limiting suit to be commenced within twelve months after the fire was not and could not be applicable to a lightning loss. In the *Forman* case the court pointed out that there was no "Substitution of Terms" clause in the rider and it was unwilling to read such a clause into the policy. In the case at bar, the clause of the endorsement providing that the endorsement should not increase the amount of insurance does not require a reading of something into that language. The clause itself is in clear and unambiguous terms and provides the limit of liability of the company.

For the reasons stated, the judgment of the lower court will be reversed and judgment will be rendered here in favor of the appellee and against appellant for the sum of $1,694.30.

*Judgment of lower court reversed and judgment in this court for $1,694.30 in favor of appellee and against appellant.*

SCHEINEMAN and CULBERTSON, JJ., concur.