Merrimack,
Nov. 6, 1951. } No. 4054.

### A. W. THERRIEN CO.

*v.*

### MARYLAND CASUALTY COMPANY & a.

*Philip J. Biron* for the plaintiffs.

*Sulloway, Piper, Jones, Hollis & Godfrey (Mr. Irving H. Soden* orally), for the defendants.

JOHNSTON, C. J.   The plaintiffs concede that the statement which was filed with the Secretary of State on November 15, 1948, should have been filed on or before November 2, 1948, to comply with the statute.   This provision of the statute for notice was a condition precedent to any obligation of the insurer.   *Poirier* v. *Company,* 84 N. H. 461.   Moreover, there is no allegation in the petition that the plaintiffs were misled to their disadvantage, prejudice or injury or that the defendant surety company is estopped for any other alleged reason from claiming that the plaintiffs are barred by their failure to comply with the statutory condition.

The plaintiffs do claim that the defendant insurer waived the formality of notice by its conduct towards them.   The question is whether they have alleged facts from which waiver could be found. In *McCracken* v. *Insurance Co.,* 94 N. H. 474, 476, it was recognized that, in spite of assertions in some of the cases that as against insurance companies the doctrine of waiver was only another name for that of estoppel, "claims of 'actual waiver,' where elements of estoppel were not present, have received some consideration in our decisions."   See also, *Sargent* v. *Company,* 82 N. H. 489; *Daley* v. *Company,* 81 N. H. 502, 503.   The distinction between the two terms has been stated in 45 C. J. S. 612, 613, as follows: "Technically and strictly speaking, a distinction exists between the terms 'waiver' and 'estoppel' in the law of insurance, and they are not interchangeable.   A waiver is the voluntary or intentional abandonment or relinquishment of a known right, an election not to take advantage

of a technical defense in the nature of a forfeiture, whereas the essential elements of estoppel include the ignorance of the party who invokes the estoppel, misleading representations or conduct on the part of the company, and an innocent and deleterious change of position in reliance on such representations or conduct. Waiver of a ground for forfeiture of an insurance policy is essentially unilateral in its character and results from some act or conduct of the company, no act of insured being necessary, whereas estoppel involves the acts and conduct of both parties. Waiver involves intent or consent, express or implied, on the part of the company, whereas an estoppel may arise where there is no intent to mislead."

Ordinarily no consideration is needed to establish a waiver on the part of the insuring company. "The majority of jurisdictions support the doctrine that no consideration is essential to support a waiver by an insurer; in fact, it has been a common holding that neither consideration nor any element of estoppel need be present in order for a waiver to exist." 16 Appleman, Insurance Law and Practice 621, 622.

Waiver will not be found unless the insurer had full knowledge of all the material facts. "As a general rule, in order to waive a policy provision or a forfeiture, there must be a prior knowledge of the circumstances, a waiver being the intentional relinquishment of a known right and requiring both knowledge of the existence of the right and an intention to relinquish it. Although the courts are quick to protect an insured or beneficiary, the element of knowledge is considered a fair element to impose for the protection of the insurer." 16 Appleman, Insurance Law and Practice 613. Moreover, "Such knowledge must be actual, rather than mere constructive notice." *Id.*, 616. See also, *State* v. *Belmestieri,* 93 N. H. 262; *Jean* v. *Association,* 92 N. H. 514. In view of the provision of said chapter 182 that the Secretary of State should forthwith send by mail a copy of the statement of the claim filed with him to the principal and surety, it could be found that the defendant surety knew at the time of the conduct alleged to constitute a waiver that the plaintiffs had failed to file a statement as required.

The term "waiver" has been defined in *Kilgore* v. *Association,* 78 N. H. 498, 501, 502, as follows: "A waiver, ordinarily, is based upon an intention expressed in explicit language to forego a right, or upon conduct under the circumstances justifying an inference of a relinquishment of it." A waiver may be expressed orally or in

writing or it may be implied from conduct. However, an implied waiver as distinguished from estoppel will exist only if the evidence indicates an actual intention of foregoing a right. "A waiver of a forfeiture clause will be inferred whenever such inference is reasonably deducible from the facts, and may be established by evidence of such circumstances as would reasonably result in a conclusion of an intention to waive. Such waiver is predicable on any acts or conduct of the insurer, after knowledge of a breach, either before or after the loss, tending to show a recognition of the validity of the policy, and an intent to relinquish the right to avoid it for the known breach." 16 Appleman, Insurance Law and Practice 607.

The defendant surety company maintains that the court is without jurisdiction to hear the claim of the plaintiffs unless notice has been filed with the Secretary of State in accordance with the statute. A statutory provision for notice may be waived by the party for whose benefit it was intended. *Janvrin* v. *Powers*, 79 N. H. 44, 48, and cases cited. The provision of chapter 182 of the Laws of 1943 that a statement of the claim be filed with the Secretary of State within ninety days was intended for the benefit of the principal debtor and the surety. It may be waived by either so far as the rights of that party are concerned. A reasonable construction of the provision, "The court shall examine all claims which have been duly filed in accordance herewith," is that, so far as the waiving party is concerned at least, it shall include all claims valid so far as notice is concerned. They would include those filed on time and those the late filing of which was waived. It is not probable that the Legislature intended that the latter class of claims should be tried differently from the former. In other words, the purpose of the provisions of the statute under discussion in this paragraph was not to limit the jurisdiction of the Superior Court.

Waiver could not be found from the defendant surety's letter of December 8, 1948. This was merely for the purpose of securing information and concluded with an assurance of further investigation and report. *Malloy* v. *Head*, 90 N. H. 58, 66.

The defendant surety company argues that the filing of its claim in bankruptcy after the expiration of the statutory period was done out of an abundance of caution. However, the insurer would not be entitled to a dividend unless it did pay the claim of the plaintiffs. The act of filing, if done with full knowledge, was some evidence of an intention to waive the failure of the plaintiffs to file a statement of their claim and to pay said claim according to the bond. The

question of waiver is one of fact for the Superior Court.

*Exceptions overruled.*

All concurred.