Merrimack,
No. 5426.

CHARLES H. TUCKER, *Ex'r*

*v.*

HARTFORD FIRE INSURANCE COMPANY.

Argued December 7, 1965.
Decided April 29, 1966.

*Upton, Sanders & Upton* ( *Mr. John H. Sanders* orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross* ( *Mr. Gross* orally ), for the defendant.

LAMPRON, J. On November 28, 1956, the defendant issued to Merrick a three-year fire insurance policy on his dwelling. After his death, on February 9, 1958, the name of the assured was changed to his estate. On August 17, 1958, the defendant issued an endorsement to this policy by which its coverage was "extended to include direct loss by windstorm" and other named perils.

The policy originally issued contained the following provisions:

"No suit or action against this Company for the recovery of any claim by virtue of this Policy shall be sustained in any court of law or equity in this state, unless commenced within one year from the time the loss occurred.

"Chapter 407 of the Revised Statutes Annotated is hereby made a part of this contract."

The above chapter is entitled "The Fire Insurance Contract And Suits Thereon." Section 17 thereof, which was in force at the time of this loss, provided as follows: "NOTICE TO INSURED. Unless the company, in their notice of the amount of loss or damage determined by it, shall notify the insured that his action will be forever barred by law if his writ is not served on the company within six months next after the service of such notice upon him, he may bring his action at any time." Absent such a notice in this case, plaintiff maintains that suit for the windstorm loss suffered on August 31, 1959 can be maintained at any time within six years from that date and that his action commenced on October 16, 1963 was timely.

Defendant rightly concedes that if plaintiff's action were to recover for a fire loss, RSA 407:25 would render void the one year contractual limitation within which suits must be brought because in conflict with RSA 407:17, *supra. Flynn* v. *Insurance Co.,* 77 N. H. 431. It maintains, however, that this is not true

in this case because plaintiff's action is to recover for loss by windstorm under coverage for which a separate and additional premium was paid and a separate and additional memorandum of insurance was issued. With this contention we cannot agree.

By the terms of the extended coverage endorsement "the coverage of this policy [fire policy] is extended to include direct loss by Windstorm . . . This endorsement does not increase the amount or amounts of insurance provided in the policy to which it is attached." In other words the "Extended Coverage merely *extends* or *broadens* the Fire policy to include damage by windstorm . . . It increases the *number of perils* covered." See Fire Casualty & Surety Bulletins, Fire & Marine Section, Misc. Fire Sc-1; *Oller* v. *New York Fire Ins. Co.,* 339 Ill. App. 461. In "scarcely more than a decade" after its introduction in about 1937, extended coverage became a "'routine' form of insurance . . . . Instead of a simple policy of Fire insurance being the rule and coverage including other perils an exception, most policies now include at least Extended Coverage . . . simple Fire insurance is a comparative rarity." F. C. & S. Bulletins, *supra.*

RSA 407:1 authorized the Insurance Commissioner to prescribe the shape and size and to change the form of fire insurance policies and contracts which were to continue in their present form until so changed. *Salganik* v. *Company,* 80 N. H. 450, 453; *Fidelity &c. Co.* v. *Brennan,* 85 N. H. 291, 293. "Any company using any other form of policy than the one prescribed shall forfeit its license." RSA 407:2; See RSA 407:1, 2, 4 ( supp ). The present Insurance Commissioner, in office during all the events in this case, testified that unless issued as a separate policy, "extended coverage, so-called, could only be issued as a part of a New Hampshire standard form of fire policy."

The original policy issued to plaintiff's testate was entitled "New Hampshire Standard Form of Fire Policy" and stated in its first paragraph "insurance is provided against only those perils and for only those coverages indicated below by a premium charge and against other perils and for other coverages only when endorsed hereon or added hereto." We hold that by its nature, and by the terms of the policy and of the windstorm endorsement, the latter became an integral part of the original fire policy being an additional peril covered by it. Consequently the endorsement, which had no specific limitation period for the commencement of actions, became subject to the provisions of

RSA ch. 407 to which the original policy was made specifically subject. The one-year contractual limitation is ineffective to bar the plaintiff's suit. RSA 407:17, 25; *Flynn* v. *Insurance Co.*, *supra*.

*Exceptions overruled.*

All concurred.