**L & A UNITED GROCERS, INC.**

**v.**

**SAFEGUARD INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued March 10, 1983.

Decided June 2, 1983.

Berman, Simmons, Laskoff & Goldberg, P.A., John E. Sedgewick (orally), Lewiston, for plaintiff.

Norman & Hanson, John H. King, Jr. (orally), Peter J. DeTroy, III, Portland, for defendant.

Before GODFREY, NICHOLS, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A.R.J.

GODFREY, Justice.

In 1977, defendant Safeguard Insurance Company ("Safeguard"), a foreign insurer, issued a three-year, comprehensive, multiple-peril, business insurance policy to the plaintiff, L & A United Grocers, Inc. ("L & A"). The policy covered, among other things, loss of or damage to certain proper-

ty of L & A located within the state. In 1982, L & A brought suit on the policy against Safeguard for breach of contract, alleging that on February 12, 1979, L & A had suffered property damage covered by the insurance and that Safeguard had wrongfully refused to pay for it. In its answer, Safeguard denied coverage and alleged, as one affirmative defense, that L & A's claim was "barred by the applicable statute of limitations."

The parties have stipulated that the damage was caused by water and that L & A knew of the damage in 1979. Nothing in the record discloses when L & A first notified Safeguard of the loss or when, if ever, L & A submitted proof of loss, or when Safeguard first definitely rejected liability on the claim.[1] Apparently the water damage was not itself the consequence of a fire.

Safeguard moved for summary judgment on the grounds that 24–A M.R.S.A. § 3002 (1974) (mandating provisions of the standard fire policy) is applicable, that its provisions required L & A to bring the action within two years next after inception of the loss, and that L & A failed to do so. From an order of the Superior Court granting the motion, essentially on grounds asserted by Safeguard, L & A appeals. We vacate the judgment and remand the case for further proceedings.

■ L & A claims coverage under the policy's "Special Extended Coverage Endorsement", which specifies no time limit for bringing suit but recites that the coverage of the policy is extended "subject to provisions . . . in the policy to which this endorsement is attached including endorse-

ments thereon." The policy itself declares a limit of twelve months from inception of loss for bringing suit.[2] Since, as the parties have stipulated, Safeguard is a foreign insurer within the meaning of 24–A M.R.S.A. § 6 (1974), a twelve-month limit is invalid under 24–A M.R.S.A. § 2433 (1974), which prohibits foreign insurers from limiting the time for commencing actions against them to a period of less than two years after the cause of action accrues.[3]

The policy also includes among its general provisions a clause entitled "Conformity with Statute" ("Conformity Clause") providing as follows: "The terms of this policy and forms attached hereto which are in conflict with the statutes of the state wherein this policy is issued are hereby amended to conform to such statutes."

Among the endorsements attached to the policy is a "Maine Amendatory Endorsement", which states that, with respect to property located in Maine, "the coverage provided by this policy against the perils of fire and lightning shall be subject to the Maine Standard Policy." The "Maine Standard Policy" referred to is the statutory Maine standard fire policy, 24–A M.R.S.A. ch. 41, subch. 1, which contains the provision that suit must be brought on the policy within two years next after inception of the loss. 24–A M.R.S.A. § 3002 (1974).[4] Within the "Maine Amendatory Endorsement" itself is an express provision of the same two-year limit.

Citing 24–A M.R.S.A. § 3002, the Superior Court interpreted the policy, with its endorsements, as requiring that L & A's

---

1. Safeguard's answer to the complaint includes an "affirmative defense" that L & A did not give notice of the loss "in a timely fashion."

2. The relevant provision of the policy states: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court . . . unless . . . commenced within twelve months next after inception of the loss."

3. 24–A M.R.S.A. § 2433 provides:
   No conditions, stipulations or agreements in a contract of insurance shall deprive the courts of this State of jurisdiction of actions against foreign insurers, or limit the time for commencing actions against such insurers to a period of less than 2 years from the time when the cause of action accrues.

4. The pertinent part of § 3002 reads as follows: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within two years next after inception of the loss."

action be brought within two years from the time of loss, thus "amending other provisions for a one-year period, bringing it within the provisions of Maine law."

L & A argues that the six-year period of the general statute of limitations[5] should be applied. The steps in its reasoning are as follows:

(1) The basic policy provides in terms for a one-year limitation period;

(2) That one-year limit is incorporated in the "Special Extended Coverage Endorsement", under which L & A makes its claim for water damage;

(3) The one-year period is not affected by the "Maine Amendatory Endorsement" because that amendment is in terms confined to coverage against the perils of fire and lightning, and L & A's loss was not the result of either of those perils;

(4) The one-year period is not affected by section 3002 because L & A's water damage is not within the coverage of the standard fire policy;

(5) The one-year limit in the policy is invalid under section 2433 because Safeguard is a foreign insurer, and section 2433 requires a limitation period of at least two years from the time the cause of action accrues. Hence, it becomes necessary to apply the Conformity Clause;

(6) The Conformity Clause is ambiguous in its application to the one-year limit because section 2433 invalidates limitation periods of "less than two years" from the time when the cause of action accrues. Hence the one-year provision in the policy

can be "conformed" by making it two, three, four, five, or even six years;

(7) The resulting ambiguity must be resolved in favor of the insured. The insured is therefore entitled to commence its action any time up to six years from the time its cause of action accrued.

On the other side, Safeguard contends that even though the policy, as written, permits only one year from time of loss to bring suit, that period is automatically upgraded to two years from time of loss by application of the two-year provision of the Maine standard fire policy; hence the policy does not contain a term in conflict with a Maine statute, and the Conformity Clause is not applicable. Aside from the obvious question whether, in this case, the non-fire-related water loss comes within the limitation provision applicable to fire losses, Safeguard does not purport to answer the difficulty that section 2433's "two years from the time when the cause of action accrues" calls for a different and—at least on its face—longer time than "two years next after inception of the loss," specified by the "Maine Amendatory Endorsement" and section 3002.

■ We hold that the time limit for bringing suit in this case is controlled by section 2433, which, in effect, requires the minimum period for actions against foreign insurers to be two years from the time the cause of action accrues. Our holding makes it unnecessary to decide whether L & A's water damage comes within the scope of the limitation period in the Maine standard fire policy,[6] and, if so, whether section 3002

---

5. 14 M.R.S.A. § 752 (1980) provides:

All civil actions shall be commenced within 6 years after the cause of action accrues and not afterwards, except actions on a judgment or decree of any court of record of the United States, or of any state or of a justice of the peace in this state, and except as otherwise specially provided.

6. Neither party to this appeal has addressed the possibility that if 24–A M.R.S.A. § 3003 is applicable to the policy, that section might render applicable, in turn, the two-year limitation of section 3002 even though the loss is not

fire-related. The record does not contain sufficient information for determining whether section 3003 could apply.

Compare *Tucker v. Hartford Fire Ins. Co.*, 107 N.H. 170, 219 A.2d 290 (1966) (windstorm endorsement without specific limitation period held governed by limitation period of standard fire policy) *with Bargaintown D.C., Inc. v. Bellefonte Ins. Co.*, 54 N.Y.2d 700, 426 N.E.2d 469, 442 N.Y.S.2d 975 (1981) (mem.), *aff'g* 78 A.D.2d 206, 433 N.Y.S.2d 809 (1980) (one-year limitation period in all-risk policy applies to non-fire-related loss and is not enlarged by two-year provision of standard fire policy).

differs substantially from section 2433 in its application to L & A's particular claim.[7] In section 2433, the minimum two-year period runs from the time the cause of action accrues; under section 3002, the two-year period is measured from inception of the loss. The cause of action cannot accrue earlier, and may accrue later, than the inception of loss. Since Safeguard is a foreign insurer, L & A is entitled to the benefit of the specific provision of section 2433, to the extent that it is more favorable to the insured than section 3002. *Norton v. Home Insurance Co.,* 320 A.2d 688, 693 n. 10 (Me.1974) (dictum).

■■■ However, we reject L & A's contention that application of the Conformity Clause leads to ambiguity. The one-year limit in the "Special Extended Coverage Endorsement" is not "in conflict with" the six-year statute of limitations. In the absence of statutory regulation to the contrary, an insurance contract may validly provide for a limitation period shorter than that provided in the general statute of limitations, 20A J. Appleman & J. Appleman, *Insurance Law & Practice* § 11601 (1980); 18 *Couch on Insurance* § 75:71 (R. Anderson 2d ed. 1968), unless the interval allowed is unreasonably short, *Couch, supra,* § 75:72. In property insurance, a limit of one year from the time of loss is not unreasonably short. *See* J. Appleman & J. Appleman, *supra,* § 11602, at 437–40; W. Vance, *Handbook on the Law of Insurance* 903–06 (3d ed. 1951); 1A *Corbin on Contracts* § 218, at 311–12 (1963).

The statute with which the one-year limit in the policy *is* in conflict is section 2433. The only sensible construction of the Conformity Clause is to treat it as requiring the policy provision to "conform" to the minimum requirement of that statute by enlarging the time of limitation of the policy to that specified as minimal in section 2433. In the reasonable expectation of both insurer and insured, "conforming" the policy to the requirement of section 2433 calls for a limitation of two years from the time the insured's cause of action first accrued. A limitation of more than two years would go beyond mere "conformation" as that concept is generally understood. The policyholder is not misled or lulled into inaction or otherwise placed at some unexpected disadvantage if the Conformity Clause is thus construed in a natural way to afford him the minimum time permitted by the statute.

L & A is entitled to the application of section 2433 and to a determination of whether it commenced this action within two years from the time when its cause of action accrued. That time was not necessarily the time when the water damage occurred. The record does not suggest when, if ever, proof of loss was filed. Nor can we ascertain when Safeguard rejected L & A's claim. It is possible that timely notice of the loss was given and that Safeguard granted one or more extensions of time for filing proof of loss without rejecting the claim. *See* J. Appleman & J. Appleman, *supra,* § 11612. The record leaves

---

**7.** Section 3002 imposes a limitation period of two years from inception of the loss. It also imposes conditions precedent to recovery that may delay accrual of the cause of action against the insurer until sometime after the loss has occurred. The applicable paragraph of section 3002(1) provides as follows:

*When loss payable.* The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.

Courts are divided on the meaning of the phrase "inception of the loss." *Compare Proc v. Home Ins. Co.,* 17 N.Y.2d 239, 217 N.E.2d 136, 270 N.Y.S.2d 412 (1966) (limitation period begins immediately on happening of the insured peril) *with Ford Motor Co. v. Lumbermens Mut. Casualty Co.,* 413 Mich. 22, 319 N.W.2d 320 (1982) (limitation period is tolled from time insured gives notice of loss until insurer formally denies liability) *and Fireman's Fund Ins. Co. v. Sand Lake Lounge,* 514 P.2d 223 (Alaska 1973) (limitation period in standard fire policy begins to run from date cause of action accrues).

591

unresolved issues of material fact pertaining to the date on which the cause of action accrued. It is possible that this action was commenced within two years of the accrual of the action.

The judgment must be vacated and the case remanded to the Superior Court to determine, after a new hearing on Safeguard's motion to dismiss, whether this action was commenced within two years from the time when L & A's cause of action accrued.

The entry is:

Judgment vacated.

Remanded for further proceedings consistent with this opinion.

All concurring.