Compensation Appeals Board
No. 99-018

## APPEAL OF BRIAN KULACZ

(New Hampshire Compensation Appeals Board)

July 5, 2000

*Vanacore & Trombly*, of Concord (*Bryan W. Clickner* and *Michael C. Reynolds* on the brief, and *Mr. Clickner* orally), for the petitioner.

*Sulloway & Hollis, P.L.L.C.*, of Concord (*William D. Pandolph* on the brief and orally), for the respondents, New Hampshire Department of Transportation and Liberty Mutual Insurance Company.

GRAY, J. The petitioner, Brian Kulacz, appeals a decision of the New Hampshire Compensation Appeals Board (board) that his·claim for indemnity benefits from the respondents, the New Hampshire Department of Transportation (DOT) and Liberty Mutual Insurance Company, is time-barred. *See* RSA 281-A:48, I (1999). We affirm.

At the time of the board's decision on September 18, 1998, the petitioner was a nineteen-year employee of the DOT. On August 28, 1991, the petitioner injured his back while working for the DOT as a bituminous plant inspector. After the injury, the DOT submitted an "Employer's First Report of Injury or Occupational Disease" to the department of labor (DOL) describing the petitioner's injury as follows:

> Employee was getting some hot aggregate out of the asphalt plant using a pole with a scoop on it. As he was pulling the scoop out, he turned at the waist and started to stand up when he felt a pull in his back.

As a result of this injury, the petitioner received disability benefits from September 19, 1991, to January 1, 1992.

Thereafter, on February 1, 1994, the petitioner missed work due to back pain caused by shoveling snow at his home. The petitioner alleged this was a "[r]ecurrence of [his] Back Injury from August 28, 1991." By memo dated March 11, 1994, the DOT denied the petitioner workers' compensation benefits on the basis that "[n]o causal relationship to employment" existed. The "Memo of Denial of Workers' Compensation Benefits" advised the petitioner that he could petition the DOL for a hearing to contest the denial. The petitioner never petitioned the DOL for a hearing.

On July 10, 1995, the petitioner missed work and the following day submitted an "Application for Leave" indicating that he had missed work due to back spasms. From 1992 to July 1995, the petitioner repeatedly told his supervisors and the DOT administrative staff who handled the workers' compensation paperwork that he believed that his current back problems were related to the August 28, 1991,

incident. He did not, however, file any report of injury as required by RSA 281-A:20 (1999). The petitioner returned to work on July 11, 1995, without receiving disability benefits or a denial of benefits as neither he nor the DOT submitted additional paperwork at that time.

On March 25, 1997, the petitioner had surgery on his back and an "Employer's Supplemental Report of Injury" was filed with the DOL. The petitioner returned to work on June 2, 1997, and sought reinstatement of his disability benefits for the period of time he was out of work, claiming that his 1997 back problems were causally related to his 1991 work injury. The DOT's insurance carrier at that time, Helmsman Management Services, Inc., agreed to pay the petitioner's related medical bills. It denied the petitioner's claim for disability payments, however, based upon the four-year filing period in RSA 281-A:48.

The petitioner appealed the carrier's denial to the DOL, which found that the petitioner's request fell within the four-year filing period. The respondents appealed to the board. At the board hearing on September 3, 1998, the petitioner testified that the DOT did not submit a supplemental report of injury when he missed work on July 10, 1995, because "[i]t was their belief that I had to be out three days before workers' comp[ensation] payments would take over." *See, e.g.*, RSA 281-A:28, :31 (1999). Further, the petitioner testified that he did not question this, and although he did not put in a notice of accidental injury, the administrative staff who handled the workers' compensation claims and his three supervisors knew that his back problems were related to the August 1991 work injury. After the hearing, the board found that the petitioner had not "satisfied the requirements under RSA 281-A:48 I . . . to establish that the request for indemnity benefits for July 11, 1995 and from 3/25/97 to 6/2/97 falls within the four year statute of limitations for payment of benefits, other than medical benefits." The petitioner filed a motion for reconsideration, which the board denied, and the petitioner appealed.

"We will not disturb the board's decision absent an error of law, or unless, by a clear preponderance of the evidence, we find it to be unjust or unreasonable." *Appeal of Bergeron*, 144 N.H. 681, 683, 749 A.2d 296, 298 (2000); RSA 541:13 (1997). We consider the board's findings of fact to be *prima facie* lawful and reasonable. *See* RSA 541:13. "To obtain workers' compensation benefits, a claimant has the initial burden to establish a *prima facie* case." *Appeal of Kruzel*, 143 N.H. 681, 684, 732 A.2d 452, 455 (1999) (quotation omitted).

RSA 281-A:48, I, states in pertinent part:

Any party at interest with regard to an injury occurring after July 1, 1965, may petition the commissioner to review a denial or an award of compensation made pursuant to RSA 281-A:40 by filing a petition with the commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation under such award or pursuant to RSA 281-A:40, as the case may be, upon the ground of a change in conditions, mistake as to the nature or extent of the injury or disability, fraud, undue influence, or coercion.

It is undisputed that the petitioner did not file a petition with the commissioner for review, as required under RSA 281-A:48, I, until 1997, over four years after he received his last payment of compensation in January of 1992. On appeal, the petitioner contends that the DOT should be equitably estopped from asserting RSA 281-A:48, I, because: 1) his July 10, 1995, claim was not reported to the DOL due to the DOT's mistake; and 2) the reason he did not receive benefits was due to the DOT's failure to report the July 10, 1995, injury as required by statute and department of labor rules. The respondents contend, *inter alia*, that the petitioner has not offered sufficient evidence to compel a finding of equitable estoppel. We agree.

■ The party asserting estoppel must prove four elements:

first, a representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have intentionally, or through culpable negligence, induced the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury.

*Great Lakes Aircraft Co. v. City of Claremont*, 135 N.H. 270, 292, 608 A.2d 840, 854 (1992). Estoppel precludes "one party from asserting a position contrary to one previously taken when it would be unfair to allow him to do so." *Appeal of Cloutier Lumber Co.*, 121 N.H. 420, 422, 431 A.2d 112, 113 (1981).

Even assuming that the DOT mistakenly failed to report the petitioner's claim in violation of the applicable statute, *see* RSA 281-A:53, and department of labor rule, *see* N.H. ADMIN. RULES,

Lab 504.02(d)(3), the DOT is not estopped from raising the four-year filing period. As to the first element of estoppel, the evidence does not compel a finding that the DOT's representation that the petitioner had to be out three days before workers' compensation payments would take over was made with knowledge of its falsity. In fact, the petitioner concedes that the representation was a mistake.

Further, even if the petitioner was ignorant of the truth, as he argues, the evidence does not compel a finding that the DOT intentionally or through culpable negligence induced the petitioner not to file his notice of injury. Lastly, as to the fourth element, requiring that the other party must have been induced to rely upon the representation to his or her injury, there was no testimony offered at the board hearing to indicate that even had the petitioner filed a notice of injury form, that the claim would have been accepted. Nor was there evidence offered that if the claim was denied, that the petitioner would have petitioned the DOL for a hearing in a timely manner. In fact, when the petitioner's 1994 claim was denied, he did not appeal. It is also significant that the petitioner elected in July 1995 to file an application for leave form rather than a notice of injury form. The record reveals his prior knowledge of the difference between the forms. It appears therefore that in July 1995 even the petitioner believed his injury at that time was not work-related.

█ Accordingly, we conclude that the petition filed in 1997 was untimely and the petitioner's claim for benefits was properly rejected.

*Affirmed.*

BROCK, C.J., and HORTON and BRODERICK, JJ., did not sit; GRAY, J., retired superior court justice, and MCHUGH and GROFF, JJ., superior court justices, sat by special assignment under RSA 490:3; all who sat concurred.