FORBES FARM PARTNERSHIP

v.

FARM FAMILY MUTUAL INSURANCE COMPANY

March 26, 2001

*Van Dorn, Cullenberg, Tensen & Curtiss*, of Orford (*Arend R. Tensen* on the brief and orally), for the plaintiff.

*Dinse, Knapp & McAndrew, P.C.*, of Burlington, Vermont (*Douglas D. Le Brun* on the brief and orally), for the defendant.

DALIANIS, J. The plaintiff, Forbes Farm Partnership, appeals from the Superior Court's (*Smith*, J.) order granting the summary judgment motion of the defendant, Farm Family Mutual Insurance Company, on the ground that the plaintiff's declaratory judgment action is barred by a provision in the parties' insurance contract requiring any action to be brought within one year after the loss. We affirm.

The superior court found the following undisputed facts. On April 2, 1996, the plaintiff sought coverage from the defendant, under its

Special Farm Package "10" Policy, for a loss, beginning in November 1995, in the form of decreased milk production in seventy-five cows due to stray voltage. The parties entered into a "non-waiver" agreement, providing that the defendant's investigation of the claim would not constitute a waiver of the policy's provisions. On May 3, 1996, following its investigation, the defendant denied the claim on the ground the damage was neither "sudden and accidental" nor "electrocution." In its May 1996 denial, the defendant did not inform the plaintiff that, under the policy, any actions against it must be brought within one year after the loss.

The plaintiff reasserted this claim in a July 1997 letter, after the one-year period had run. In response, the defendant requested that the plaintiff provide: (1) the number of cows destroyed; (2) veterinary records; and (3) evidence that the cows had to be destroyed because of exposure to stray voltage. The plaintiff subsequently hired an agricultural economist who reported an estimated loss of $511,708 from the excess culling of more than eight hundred cows from 1988 through 1997 because of stray voltage. On February 20, 1998, the defendant reiterated its denial of the claim, explaining that lost profits and loss of milk production were not "direct physical loss[es]" within the meaning of the policy. The defendant further explained that any action that the plaintiff might bring would be barred by the policy's one-year provision. The plaintiff filed its declaratory judgment action on May 1, 1998.

On appeal, the plaintiff asserts that: (1) the policy's one-year provision does not apply; (2) the defendant either waived the provision or is estopped from relying upon it; and (3) even if the provision applies, its action filed in May 1998 was timely.

"In reviewing a grant of summary judgment, we look at the affidavits and other evidence, and all inferences properly drawn therefrom, in the light most favorable to the non-moving party." *N.E. Tel. & Tel. Co. v. Rochester*, 144 N.H. 118, 120 (1999) (quotation omitted). We will affirm "if the evidence reveals no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law." *Id.* "As no material fact is in dispute on appeal, we need only determine whether the moving party was entitled to judgment as a matter of law." *Id.* (quotation and brackets omitted).

The plaintiff first asserts that the policy required the defendant to give notice of the one-year provision. Because the defendant failed to do so, the plaintiff argues that the one-year provision does not bar its claim.

The plaintiff relies principally upon endorsement SFP-NH-03, which provides, in pertinent part: "This policy provides coverage to

the Insured on an equivalent or more favorable basis than that provided by the statutory provisions cited in RSA 407:2." The plaintiff asserts that this endorsement would lead a "reasonable insured [to] expect all of the protection of [RSA chapter] 407 at a minimum," including that provided by RSA 407:15 (1998). We disagree.

■ "The interpretation of an insurance policy is a question of law for this court to decide." *Bianco Prof. Assoc. v. Home Ins. Co.*, 144 N.H. 288, 292 (1999). "In interpreting an insurance policy, we take the plain and ordinary meaning of the policy's words in context, and we construe the terms of the policy as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." *Federal Bake Shop v. Farmington Cas. Co.*, 144 N.H. 40, 42 (1999) (quotation omitted).

RSA chapter 407 governs fire insurance policies. RSA 407:2 requires that all fire insurance policies "made, issued or delivered" in this State conform "to all the provisions of the policy form" found in RSA 407:22 (Supp. 2000). RSA 407:2 (1998); *see also Janvrin v. Union Mut. Ins. Co.*, 128 N.H. 555, 556 (1987). The standard form includes a provision requiring the insured to file any legal action within twelve months after the inception of the loss. *See* RSA 407:22. RSA 407:15 provides that unless the insurance company notifies the insured that it must bring an action within twelve months after notification, the insured may bring its action at any time.

Fire insurance policies that provide "substantial coverage" against other perils need not comply with RSA 407:2 if certain conditions are met. *See* RSA 407:2-a (1998). One such condition is that the policy afford fire insurance coverage "not less than the coverage afforded by [the standard form]." RSA 407:2-a, I.

■ The policy in question provides substantial coverage against perils other than fire. The most reasonable reading of endorsement SFP-NH-03 is that it is intended to comply with RSA 407:2-a, I, and notify the insured that the policy affords fire insurance coverage not less than that required by the standard policy form.

We disagree that *Tucker v. Hartford Fire Insurance Co.*, 107 N.H. 170 (1966), decided before RSA 407:2-a was enacted, compels a different result. At issue in *Tucker* was a standard fire insurance policy insuring against fire and, by endorsement, windstorm. *See Tucker*, 107 N.H. at 171-72. By contrast, the policy at issue here is a farm policy, insuring against multiple perils, including fire, windstorm, riot, glass breakage, vandalism, falling objects, and

sudden and accidental damage from artificially generated electrical current.

In *Tucker*, we held that the predecessor to RSA 407:15 applied to a claim for windstorm damage because the entire policy was subject to RSA chapter 407. *Id.* at 172-73. We relied, in part, upon the following policy provision: "Chapter 407 of the Revised Statutes Annotated is hereby made a part of this contract." *Id.* at 171. Endorsement SFP-NH-03, on the other hand, does not render the entire policy subject to RSA chapter 407. It states only that the policy's coverage is the same or better than that required by RSA 407:2. It does not refer to RSA 407:15, and no reasonable person in the position of the insured would interpret it as incorporating RSA 407:15.

We also disagree that the policy is "ambiguous" as to whether the defendant first had to notify the plaintiff of the one-year provision. "We will not . . . perform amazing feats of linguistic gymnastics to find a term ambiguous." *Federal Bake Shop*, 144 N.H. at 42 (quotation omitted). Nothing in the policy, including endorsement SFP-NH-03, requires the defendant to give notice of the one-year provision.

█ Alternatively, the plaintiff asserts that RSA 407:15 applies because the policy is a fire policy. It argues that the policy is a fire policy because it refers to fire. We agree with the trial court that the policy is not a fire policy, but is a combination policy because it provides "coverage against the peril of fire and substantial coverage against other perils." RSA 407:2-a. The plaintiff argues that the policy cannot be a combination policy because it does not "delineate specifically whether it is a combination policy or a fire policy." RSA 407:2-a, however, contains no such requirement. Because the plaintiff does not argue otherwise, we assume, without deciding, that the combination policy meets all of the requirements under RSA 407:2-a. Thus, the plaintiff's alternative argument is unavailing. We need not decide whether and to what extent RSA 407:15 applies to combination policies because the plaintiff does not make this argument.

█ The plaintiff next asserts that the defendant either waived its right to assert the one-year provision or is estopped from relying upon it. We disagree.

The plaintiff argues that either waiver or estoppel arose because, after the one-year period had elapsed, the defendant requested the plaintiff to provide more information in response to the plaintiff's July 1997 reassertion of its claim. We agree with the trial court that

this circumstance is insufficient to raise an issue of material fact as to whether the plaintiff's action was timely under the policy.

To establish waiver, the plaintiff must show explicit language indicating the defendant's intent to forego a known right, or conduct from which it may be inferred that the defendant abandoned this right. *See Renovest Co. v. Hodges Development Corp.*, 135 N.H. 72, 79 (1991); *Bowen v. Casualty Co.*, 99 N.H. 107, 112 (1954).

Neither condition obtained here. This is particularly so given the parties' non-waiver agreement and the defendant's May 1996 denial, which invited the plaintiff to submit additional information and stated that its consideration of the information was not a waiver. *See Therrien v. Maryland Cas. Co.*, 97 N.H. 180, 183 (1951) (letter for purpose of securing additional information not waiver).

This allegation is also insufficient to establish estoppel. The party asserting estoppel must prove

> first, a representation or concealment of material facts made with knowledge of those facts; second, the party to whom the representation was made must have been ignorant of the truth of the matter; third, the representation must have intentionally, or through culpable negligence, induced the other party to rely upon it; and fourth, the other party must have been induced to rely upon the representation to his or her injury.

*Appeal of Kulacz*, 145 N.H. 113, 116 (2000) (quotation omitted).

The plaintiff has not shown that the request for additional information was misleading. *See id.* Additionally, the request for additional information could not possibly have induced the plaintiff not to file a timely action because it was made after the one-year period had elapsed.

In support of its waiver and estoppel arguments, the plaintiff also relies upon the affidavits of its attorney and of Judith Forbes describing various of the defendant's alleged statements. We grant the defendant's motion to strike the affidavits in which these statements appear. The record shows that the plaintiff moved for summary judgment on the basis of waiver, but neglected to furnish the trial court with these supporting affidavits until the day of the summary judgment hearing. These affidavits were thus not properly before the trial court, and we will not consider them in this appeal. *See* RSA 491:8-a, II (1997) (supporting affidavits must accompany summary judgment motion).

The plaintiff next argues that even if the one-year provision applies, its 1998 declaratory judgment action was timely because it continued to experience loss from stray voltage into 1997. As the trial court found, the only claim here is for damages sustained in November 1995 and discovered in April 1996. Thus, any losses the plaintiff sustained in 1997 are not part of this case.

*Affirmed.*

BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, and GROFF, J., superior court justice, specially assigned under RSA 490:3, concurred.