Carroll
No. 2002-137

## PETER GIANOLA

### v.

## CONTINENTAL CASUALTY COMPANY

Argued: January 15, 2003
Opinion Issued: March 3, 2003

*Abramson, Brown & Dugan,* of Manchester (*Kenneth C. Brown* and *Jared R. Green* on the brief, and *Mr. Green* orally), for the plaintiff.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.,* of Bedford (*Dona Feeney & a.* on the brief, and *Naomi Mooney* orally), for the defendant.

DALIANIS, J. The defendant, Continental Casualty Company, appeals from a ruling of the Superior Court (*T. Nadeau,* J.) granting summary judgment to the plaintiff, Peter Gianola. On appeal, the defendant argues that the trial court erred by ruling that it had waived its coverage defenses because: (1) its conduct was insufficient to support a finding of waiver; and (2) the waiver doctrine cannot be applied to extend the scope of coverage. We reverse and remand.

The record contains the following facts. The plaintiff was employed by St. Joseph's Hospital and was responsible for overseeing five nursing homes. While working, the plaintiff was injured in an automobile accident. He recovered $75,000 from the other driver's liability insurer, and sought further coverage under an insurance policy issued by the defendant to St. Joseph's.

On April 25, 2000, the plaintiff's counsel telephoned an agent of the defendant to notify it of his claim under the policy, and also sent a letter reiterating the notification. In the letter, counsel described the basis for

the plaintiff's claim, and requested a response from the defendant so that the parties could either settle the claim or the plaintiff could pursue arbitration or a declaratory judgment. The plaintiff did not receive a response to the April 25 letter. On May 24, 2000, counsel sent another letter to the defendant requesting written notice of acceptance or rejection of the claim. The letter advised the defendant that insurance regulations 1001.01(a) and 1001.02(c) require written acknowledgement of the receipt of the claim within 10 days of the receipt, followed by written notice of rejection or acceptance within 10 days. *See* N.H. ADMIN. RULES, Ins 1001.01, 1001.02. Again, the plaintiff received no response.

On June 13, 2000, the plaintiff filed his petition for declaratory judgment, and argued, among other things, that the defendant had waived its rights to contest coverage by failing to respond to the plaintiff's letters, despite insurance regulations requiring it to do so. The parties agreed to submit the case on cross-motions for summary judgment. The trial court ruled, upon the undisputed facts, that the defendant had waived its coverage defenses and granted summary judgment in favor of the plaintiff. This appeal followed.

In reviewing an appeal from the grant of a motion for summary judgment, we must consider the evidence presented below and all reasonable inferences drawn from it in the light most favorable to the non-moving party. *Forbes Farm P'ship v. Farm Family Mut. Ins. Co.*, 146 N.H. 200, 201 (2001). As no material fact is in dispute in this case, we need only determine whether the moving party was entitled to judgment as a matter of law. *Id.*

To establish waiver, the plaintiff must show either explicit language indicating the defendant's intent to forego a known right, or conduct from which it may be inferred that the defendant abandoned this right. *Id.* at 204. "[A]n implied waiver will exist only if the evidence indicates an actual intention of foregoing a right." *Therrien v. Maryland Cas. Co.*, 97 N.H. 180, 183 (1951). "The substance of the doctrine of waiver is that if the insurer, with knowledge of the facts which would bar an existing primary liability, recognizes such primary liability by treating [the] policy as in force, it will not thereafter be allowed to plead such facts to avoid its primary liability." 2 E. HOLMES & M. RHODES, APPLEMAN ON INSURANCE 2D § 8.1, at 305 (1996). Thus, an implied waiver must be predicated upon "acts or conduct of the insurer, after knowledge of a breach, . . . *tending to show a recognition of the validity of the policy*, and an intent to relinquish the right to avoid it for the known breach." *Therrien*, 97 N.H. at 183 (quotation omitted; emphasis added). Examples of conduct tending to show a recognition of the validity of the policy

include investigating the insured's claim, *see United States F. & G. Co. v. Kancer*, 108 N.H. 450, 452 (1968), and responding to the insured's claim request by disclaiming coverage based upon a specific defense, *see Bowen v. Casualty Co.*, 99 N.H. 107, 112 (1954).

■ Here, the defendant did not take any action in recognition of the policy. It simply failed to respond to the plaintiff's requests for coverage. We are not persuaded by the plaintiff's argument that the defendant's "silence, despite its legal obligation to speak" as established by insurance regulations, is sufficient to establish waiver. The defendant's complete silence with regard to the plaintiff's coverage requests is not conduct that "recognizes [the defendant's] primary liability by treating the policy as in force." HOLMES, *supra*. Thus, the defendant did not engage in any conduct with regard to the policy from which we may infer a waiver of its coverage defenses.

The plaintiff's reliance upon the reasoning in *Hartford Insurance Co. v. County of Nassau*, 389 N.E.2d 1061 (N.Y. 1979), is misplaced. In *Hartford Ins. Co.*, the New York Court of Appeals held that an insurer who fails to respond to the plaintiff's claim request for an unreasonable amount of time cannot thereafter disclaim liability. *Id.* at 1062. However, the court decided the case under the New York insurance code, not the waiver doctrine. *See id.*; *see also Allstate Insurance Company v. Gross*, 265 N.E.2d 736, 737 (N.Y. 1970). The New York statute displaced the traditional doctrines of waiver and estoppel and established a rule, based specifically upon the insurer's failure to respond in a timely manner, which precluded a disclaimer of coverage. *Allstate Insurance Company*, 265 N.E.2d at 739.

In this case, however, the plaintiff is seeking to preclude the defendant from utilizing its coverage defenses under the waiver doctrine, not solely because of its violation of the insurance regulations. Moreover, the legislature has already established the penalty for a violation of the regulations. *See* RSA 400-A:15 (1998). RSA 400-A:15, III states that any insurance company which fails to comply with the insurance regulations is subject to suspension or revocation of its certificate of authority or license, or an administrative fine of up to $2,500. While we note that the insurance regulations were violated, that is an issue for the insurance commissioner to enforce, not the court.

Because we hold that the trial court erred in finding that the defendant waived all its coverage defenses, we need not reach the defendant's other arguments.

*Reversed and remanded.*

BROCK, C.J., and BRODERICK and DUGGAN, JJ., concurred.