STATE OF MAINE                                        SUPERIOR COURT

Cumberland, ss.                                        Civil Action



STATE OF MAINE
Cumberland, ss, Clerk's Office

SEP 01 2017
1:58pm
RECEIVED

ADAM KALAKOWSKY et al.

Plaintiffs

v.                                         Docket No. PORSC-CV-17-0198

ALLSTATE PROPERTY & CASUALTY
INSURANCE COMPANY

Defendant

## ORDER AND JUDGMENT

This case is before the court in regard to the Motion for Summary Judgment filed by Defendant Allstate Property & Casualty Insurance Company (Allstate). Plaintiffs Adam and Erin Kalakowsky oppose the Motion. The court elects to decide the Motion without oral argument. *See* M.R. Civ. P. 7(b)(7).

### *Background*

The following facts are undisputed for purposes of the Motion, except as noted:

Plaintiffs Adam and Erin Kalakowsky own and reside at a home at 22 Fox Run Rd., Windham, Maine. Defendant Allstate is a foreign insurance company for purposes of the Maine Insurance Code. *See* 24-A M.R.S. § 6(2).

During some or all of the period between February 28, 2014 and February 28, 2015, the Kalakowskys were the named insureds on a homeowners' insurance policy

issued by Defendant Allstate covering the Fox Run Road property. The policy contains three differently worded limitations provisions, all of which require any action brought against Allstate to be commenced within two years of a specified event--"within two years after the inception of the loss or damage," "within two years of the date the cause of action accrues," "within twenty-four months next after inception of the loss."

On May 17, 2014, while the policy was in effect, a severe rainstorm caused damage to the Kalakowskys' home. At some point thereafter, the Kalakowskys submitted a claim to Allstate for the cost of remediating damage. Whether the claim was submitted orally, telephonically, online or in writing by mail is unclear because the claim itself is not in the record.

Allstate asserts it received the claim June 27, 2014. At some later point, an Allstate adjuster came to look at the Kalakowsky property in connection with the claim. The Kalakowskys say Allstate initially refused to send anyone to inspect the property and only later sent an adjuster; Allstate says the assigned adjuster, Richard Bennett, visited the Kalakowsky property July 10, 2014.

On July 14, 2014, Mr. Bennett on behalf of Allstate sent the Kalakowskys a letter indicating that, after review of the claim, "we were unable to provide coverage for rot deterioration," citing specified portions of the policy. The Kalakowskys do not dispute that they received the letter.

The Kalakowskys' complaint in this case was docketed May 12, 2017.

## *Standard of Review*

"The function of a summary judgment is to permit a court, prior to trial, to determine whether there exists a triable issue of fact or whether the question[s] before the court [are] solely...of law." *Bouchard v. American Orthodontics*, 661 A.2d 1143, 44 (Me. 1995).

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653. A "material fact" is one that can affect the outcome of the case, and a genuine issue exists when there is sufficient evidence for a fact finder to choose between competing versions of the fact. *Lougee Conservancy v. City-Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774.

Summary judgment is also appropriate if, looking at the record in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, no reasonable juror could find for the non-moving party. *Id.* ¶ 14, n. 3 (quoting *Scott v. Harris*, 550 U.S. 372, 377 (2007)). This is true "even when concepts such as motive or intent are at issue...if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Dyer. v. Dep't. of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821 (quoting *Vives v. Fajardo*, 472 F.3d 19, 21 (1st Cir. 2007)); *Bouchard*, 661 A.2d at 1144-45 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)) ("If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted"). Accordingly,

3

a "judgment as a matter of law in a defendant's favor is proper when any jury verdict for the plaintiff would be based on conjecture or speculation." *Stanton v. Univ. of Maine System*, 2001 ME 96, ¶ 6, 773 A.2d 1045.

*Analysis*

Allstate's summary judgment motion is based on the contention that, pursuant to the policy, the Kalakowskys were required to bring this action no later than two years after—at the latest—the issuance of the July 14, 2014 letter denying their claim. As the moving party, Allstate has the burden to establish that there are no genuine issues of material fact, and that Allstate is entitled to judgment as a matter of law. *See* M.R. Civ. P. 56.

Although shorter than the general six-year period of limitations, the two-year contractual limitations period contained in the Kalakowskys' homeowners policy with Allstate is enforceable, because it complies with the statutory minimum requirement for such policies issued by foreign insurers. *See* 24-A M.R.S. §§ 2433, 3002; *see L & A United Grocers, Inc. v. Safeguard Insurance Co.*, 460 A.2d 587, 589-90 (Me. 1983).

The Kalakowskys do not contest Allstate's assertion that the two-year limitations period contained in the policy is enforceable. Likewise, they do not deny that they received the July 14, 2014 letter although they are not specific on when they received it. However, their opposition to Allstate's motion contends that Allstate has not, in fact, denied their claim, so that the two-year period has not yet begun to run. They point to the fact that the July 14, 2014 letter refers to "rot

4

deterioration," whereas the claim they submitted was for "water damage." Hence, they argue, Allstate has never acted on their claim.

The problem with that argument is that the July 14, 2014 letter plainly says there is no coverage for the Kalakowskys' claim. The letter may not characterize the claim accurately or in the way that the Kalakowskys defined it, but it clearly denies coverage on the claim. There is nothing in the record indicating that there is or was more than one claim at issue between the Kalakowskys and Allstate.

Also, the Kalakowskys' argument that Allstate has never acted on their claim contradicts their own complaint in this case, which alleges, in three different places, that Allstate denied their claim for a covered loss. *See* Complaint ¶¶ 11, 23, 37. As far as the record shows, the Kalakowskys have understood Allstate to have denied their claim. There is nothing in the record indicating that they ever told Allstate after the July 14, 2014 letter that Allstate had not acted on their claim.

No reasonable factfinder could find in the record before the court any dispute of material fact sufficient to generate a triable issue of fact as to whether this action was timely brought. Based on this action having been commenced well after the expiration of two years from both the loss that triggered the claim and the denial of coverage for the claim, Allstate is entitled to judgment as a matter of law, and is awarded summary judgment.

IT IS HEREBY ORDERED:

1. Defendant's Motion for Summary Judgment is granted.

5

2. Judgment on the complaint is granted to Defendant against Plaintiffs. Defendant is awarded its recoverable court costs as the prevailing party.

The Clerk is specifically directed to enter this Order on the civil docket by notation incorporating it by reference pursuant to M.R. Civ. P. 79(a).

Dated September 1, 2017

A. M. Horton, Justice

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

*for Pltf:*

**WILLIAM GALLITTO III, ESQ**
**BERGEN & PARKINSON**
**144 MAIN STREET**
**SACO, ME 04072**

---

CLERK OF COURTS
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

*for Def:*

**MATTHEW THOMAS MEHALIC, ESQ**
**NORMAN HANSON & DETROY LLC**
**PO BOX 4600**
**PORTLAND, ME 04112-4600**