Belknap,
July 1, 1953. } No. 4216.

NORMAN P. LYNCH *v.* LOWIE GRUNDY & a.

*Johnson & Keller* (*Mr. Johnson* orally), for the plaintiff.

*Bernard I. Snierson* and *Walter G. Cogan* of Massachusetts (Mr. *Snierson* and *Mr. Cogan* orally), for the defendants.

BLANDIN, J. The defendants' first exception is to the ruling of the Court that there was a breach of covenant concerning the representation that no conditions existed to prevent the use of the property as a coeducational camp. They argue that this warranty meant only that the camp could be used for both sexes and that the evidence does not sustain the findings and rulings on this issue. The Trial Court, however, refused, and we believe rightly, to adopt the narrow construction urged by the defendants and ruled that as they knew when they signed the lease the camp could not be licensed for use by either sex they had breached the covenant in this respect. We held upon the first transfer of this case (*Lynch* v. *Grundy*, **97** N. H. **286**) that in the absence of proven contrary doctrines in Massachusetts where the contract was signed, the plaintiff's rights are governed by our law (*Garapedian, Inc.* v.

*Anderson*, 92 N. H. 390) and that the defendants had committed a breach of their covenants. As it is not claimed that the evidence before us now varies significantly from that of the first trial, the defendants' exceptions on this issue are overruled. *Bean* v. *Insurance Company*, 94 N. H. 342.

Their next exception relates to the issue of fraud and they contend that under Massachusetts law, which concededly governs and upon which they furnished authority, the record fails to sustain the findings and rulings. However, the cases which they cite concern merely matters of opinion or lack some other essential element, and are all distinguishable on their facts from the present situation. We believe the evidence here fully warrants the Court's finding that the defendants knowingly concealed from the plaintiff material facts and misrepresented others intending the plaintiff to act thereon which he did to his damage. This satisfies all the requirements of the Massachusetts law and the defendants take nothing by this exception. *Kilroy* v. *Barron*, 326 Mass. 464, and cases cited. In view of this it appears unnecessary to pass upon the question of whether, due to proceedings in the Massachusetts courts, the issue of fraud is *res judicata*.

On the question of the measure of damages, while a portion of the ruling on this taken alone might be considered obscure, we believe upon reading it as a whole the action of the Court is clear and follows the law set forth in *Spillane* v. *Corey*, 323 Mass. 673, which is decisive against the defendants. The amount found by the Court being supported by the evidence, the exceptions are unavailing. See also, *Copeland* v. *Reynolds*, 86 N. H. 110.

The defendants' final contention is that the Court refused to make certain requested findings and rulings. However, he stated that he had considered all requests for rulings and findings, and that those consistent with the rulings and findings made were deemed to have been granted while those inconsistent were deemed to have been denied. Because of the uncertainty which may result this practice is not to be encouraged. However, an examination of the record convinces us that in the circumstances here the defendants have suffered no prejudice.

This appears to dispose of all exceptions of merit, and the order is

*Judgment on the verdict.*

All concurred.