SECURITY STATE BANK, A NEBRASKA BANKING CORPORATION, APPELLANT, V. RAYMOND L. GUGELMAN, APPELLEE.

434 N.W.2d 290

Filed January 13, 1989.   No. 87-308.

James E. Doyle IV, of Cook & Doyle, P.C., for appellant.

Charles J. Cuypers, of Sherwood Law Office, for appellee.

BOSLAUGH, WHITE, CAPORALE, and SHANAHAN, JJ., and JAMES MURPHY, D.J.

PER CURIAM.

The plaintiff, Security State Bank, has appealed from the judgment of the district court sustaining the motion of the defendant, Raymond L. Gugelman, for summary judgment and dismissing the petition of the plaintiff for an order of execution against the property of the defendant to satisfy a judgment against the partnership in which the defendant was a partner.

In 1980, the defendant and Marian E. McCoy formed a general partnership known as Antiques Etc. The partnership agreement contained the following provision:

V.

Each partner hereto shall be a general partner in the operation of the partnership only and may bind the other partner only as to the partnership business and assets. Neither partner shall bind the other partner as to each partners [sic] personal and real estate assets outside of the partnership.

Commencing in 1981, McCoy executed a number of

promissory notes to obtain funds which were used in the operation of the partnership. It is undisputed that the bank was furnished a copy of the partnership agreement and had notice of paragraph V of the agreement. In 1983, the bank, in separate actions, recovered judgments against the partnership for the amounts due on the notes, but each judgment provided the defendant Gugelman had no personal liability to the bank except under a separate personal guaranty agreement, in which he had personally guaranteed indebtedness of McCoy up to $25,000. The bank then perfected appeals to this court in each case.

In *Security State Bank v. McCoy*, 219 Neb. 132, 361 N.W.2d 514 (1985), we affirmed the judgments and held that under Neb. Rev. Stat. § 25-316 (Reissue 1985), the bank could not proceed against the individual partners until there was a showing that the property of the partnership had been exhausted.

Section 25-316 provides as follows:

If the plaintiff, in any judgment so rendered against any company or partnership, shall seek to charge the individual property of the persons composing such company or firm, it shall be lawful for him to file a bill in equity against the several members thereof, setting forth his judgment and the insufficiency of the partnership property to satisfy the same, and to have a decree for the debt, and an award of execution against all such persons, or any of them as may appear to have been members of such company, association or firm.

On July 30, 1986, the bank filed its petition against the defendant Gugelman and McCoy, alleging that it had recovered judgments against the partnership on March 24, 1983, in the amount of $44,402.98; that an execution issued May 9, 1986, had been returned unsatisfied; and that the partnership had insufficient property to satisfy the judgments. The petition prayed for a decree charging the individual property of the partners with the amount of the debt and for an award of execution against the partners and their personal property. The plaintiff and the defendant Gugelman filed motions for summary judgment. The defendant's motion alleged that the

judgments in the prior actions were res judicata as to all of the issues.

The trial court found that the decisions in the prior actions were the law of the case, sustained the defendant's motion for summary judgment, and dismissed the plaintiff's petition. The plaintiff has appealed.

The assignments of error are that the trial court erred (1) in finding that the decision on the prior appeal was the law of the case and barred any recovery by the plaintiff against the defendant on the judgments against the partnership, and (2) in overruling the plaintiff's motion for summary judgment.

The doctrine of res judicata is founded on a public policy and necessity that litigation be terminated and a belief that a person should not be vexed more than once for the same cause. *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982). The doctrine of res judicata encompasses not only issues actually litigated in a prior proceeding, but also issues which could have been raised. Any right, fact, or matter in issue and directly adjudicated in a prior proceeding, or necessarily involved in the determination of the action before a competent court in which the judgment or decree was rendered upon the merits, is conclusively settled by the judgment and may not be litigated again between the parties, whether the claim, demand, purpose, or subject matter of the suits would or would not be the same. *Pflasterer v. Koliopoulos*, 213 Neb. 330, 328 N.W.2d 789 (1983); *Graham v. Waggener*, 219 Neb. 907, 367 N.W.2d 707 (1985).

"The law of the case" is restricted to questions presented to and decided by this court at the former hearing in the case and those questions necessarily involved in the decision. *First Nat. Bank of Hastings v. Farmers & Merchants Bank*, 2 Neb. (Unoff.) 104, 95 N.W. 1062 (1901). A decision of this court upon a former appeal is controlling only as to the actual point determined in that appeal. *Schwanenfeldt v. Chicago, B. & Q. R. Co.*, 80 Neb. 790, 115 N.W. 285 (1908).

The doctrine of res judicata has no application where the court determines that the litigant has not fulfilled a condition precedent to the bringing of the suit and because of such failure is not entitled to the relief sought in the first action.

Restatement (Second) of Judgments § 20(2) (1982).

The issue upon the prior appeal in this case was whether the plaintiff could satisfy its judgments against the partnership out of the assets of the defendant Gugelman. The trial court held that it could not because of the restriction in the partnership agreement. This court did not decide whether the restriction in the partnership agreement was valid and controlling, but held that the plaintiff had failed to satisfy a condition precedent to its right to proceed directly against the partners. The effect of our decision was to declare that the plaintiff's attempt to proceed against the partners individually was premature.

Our decision in the prior appeal in this case did not determine the validity of the restriction in the partnership agreement, as that issue was not necessarily involved in the decision, and the decision in the prior appeal is not res judicata or the law of the case as to that issue.

The remaining question is whether the plaintiff was entitled to summary judgment.

There are no genuine issues of material fact undetermined at this time. The plaintiff's judgments against the partnership are unsatisfied, and the partnership has no property out of which the judgments could be satisfied. The issue is the validity and effect of the restrictive provision in the partnership agreement, an issue of law.

It is a familiar rule of partnership law that general partners are jointly liable for the debts and obligations of the partnership. Neb. Rev. Stat. § 67-315 (Reissue 1986). Paragraph V of the partnership agreement was an attempt to avoid this rule. The two partners were declared to be general partners "in the operation of the partnership," but each could bind the other partner "only as to the partnership business and assets." Neither partner could bind the other partner "as to each partners [sic] personal and real estate assets outside of the partnership." In effect, the partners were attempting to obtain one of the benefits of forming a corporation without complying with the statutory requirements for doing so. If the agreement is valid, there was no general partner because no partner was to be liable for all of the debts of the partnership.

In deciding the cases involved in the prior appeal, the trial

court relied upon the rule that general partners may place restrictions on the authority of other partners to bind them as to particular transactions.

Neb. Rev. Stat. § 67-309(1) (Reissue 1986) provides:

> Every partner is an agent of the partnership for the purpose of its business, and the act of every partner, including the execution in the partnership name of any instrument, for apparently carrying on in the usual way the business of the partnership of which he is a member binds the partnership, unless the partner so acting has in fact no authority to act for the partnership in the particular matter, and the person with whom he is dealing has knowledge of the fact that he has no such authority.

The restrictive provision in the partnership agreement in this case was not a restriction on the authority of a partner to bind the other partner as to a particular transaction. It was an attempt to negate the authority of a partner to bind the other partner in any transaction. It was contrary to law and invalid as to creditors, including those with notice.

Section 67-309(1) affords no defense to the defendant Gugelman. There is no issue concerning the authority of McCoy to borrow money for the partnership. The issue is whether Gugelman as a partner was bound by the obligation of the partnership, not whether the partnership was bound.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment for the plaintiff in conformity with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.