Hillsborough
No. 89-233

SHEILA TAYLOR, ADMINISTRATRIX OF THE
ESTATE OF JAMES A. TAYLOR

v.

FRANK A. NUTTING, JR.

July 27, 1990

*Abramson, Reis & Brown*, of Manchester (*Randolph J. Reis* on the brief and orally), for the plaintiff.

*Hamblett & Kerrigan P.A.*, of Nashua (*Paul W. Chant* and *Ernest A. Jette* on the brief, and *Mr. Chant* orally), for the defendant.

JOHNSON, J.   The plaintiff appeals from two orders of the Superior Court (*Gray*, J.), one granting the defendant's motion to dismiss

based on the rule announced by this court in *Rounds v. Standex International*, 131 N.H. 71, 550 A.2d 98 (1988), and the other denying the plaintiff's motion for reconsideration. She argues that application of the law of the case doctrine should have precluded the trial court from applying the holding in *Rounds* to her case. She also argues that the trial court's ruling should be reversed based on equitable considerations. We affirm.

The plaintiff, Sheila Taylor, administratrix, seeks damages for the wrongful death of her husband. He was a fireman passenger in a fire truck owned by the Hudson Fire Department which went out of control while responding to a reported automobile fire on July 26, 1981. The defendant, Frank A. Nutting, Jr., was the fire chief at the time of the accident.

Soon after the plaintiff commenced her action, the defendant moved to dismiss based upon the statutory bar to negligence suits against co-employees found in RSA 281:12, II (Supp. 1983) (current version at RSA 281-A:8, I(b) (Supp. 1989)). The Superior Court (*Flynn*, J.) granted the defendant's motion, and the plaintiff appealed to this court arguing that "RSA 281:12 prohibiting suits against co-employees is unconstitutional as a violation of the due process and equal protection clauses of the United States Constitution (Amendment XIV) and of the New Hampshire Constitution (Part I, Articles 1, 12 and 14)." The plaintiff's case was consolidated with three others, and in a decision entitled *Estabrook v. American Hoist & Derrick, Inc.*, 127 N.H. 162, 498 A.2d 741 (1985), this court held that RSA 281:12, II (Supp. 1983) was unconstitutional. *Id.* at 166, 498 A.2d at 742. The effect of the decision was to reverse the trial court's dismissal of the original negligence counts, *id.* at 167, 498 A.2d at 743, thus denying the defendant the use of RSA 281:12, II (Supp. 1983) as a defense to the plaintiff's action.

Approximately three and one-half years later, the defendant again moved to dismiss, this time based upon *Rounds v. Standex International*, 131 N.H. 71, 550 A.2d 98, in which we held that an employee may not sue a co-employee for injuries resulting from negligence where the co-employee is carrying out the employer's nondelegable duty to maintain a safe workplace. *Id.* at 77, 550 A.2d at 102. The Superior Court (*Gray*, J.) granted the defendant's motion to dismiss and subsequently denied the plaintiff's motion for reconsideration. The plaintiff appealed the trial court's decision to this court and we accepted one issue: whether *Rounds* applies prospectively only, or, if

it applies retroactively, whether *Rounds* "does . . . not apply specifically to *Estabrook* . . . and the cases consolidated therewith."

Following the acceptance of this issue, we addressed the question of prospective versus retroactive application of *Rounds*, and held that *Rounds* applies retroactively. *Hall v. Tibert*, 132 N.H. 620, 621, 567 A.2d 593, 595 (1989). Therefore, as the plaintiff acknowledged in her brief, the only issue remaining for us to consider is whether *Rounds* applies to those cases which were consolidated with the *Estabrook* case.

The plaintiff sets forth two reasons why *Rounds* should not apply to her case. She first argues that because the issue of co-employee liability was already raised and disposed of on a prior appeal in the *Estabrook* case, the defendant is barred by the law of the case doctrine from subsequently raising new theories in support of his position on that issue.

██ ██ "Questions once decided [on appeal to] this court are not ordinarily reexamined in the same case upon a subsequent [appeal]." *Robertson v. Monroe*, 80 N.H. 258, 264, 116 A. 92, 96 (1922) (citation omitted); *see Martineau v. Waldman*, 93 N.H. 386, 387, 42 A.2d 735, 736 (1945); *Lemire v. Haley*, 93 N.H. 206, 207, 39 A.2d 10, 11 (1944). The question decided on the first appeal is known as the "law of the case," *see Olney v. Railroad*, 73 N.H. 85, 91, 59 A. 387, 390 (1904), and becomes "binding precedent to be followed in successive stages of the same litigation." 1B J. MOORE, J. LUCAS & T. CURRIER, MOORE'S FEDERAL PRACTICE ¶ 0.404[1], at 117 (2d ed. 1988) (hereinafter MOORE'S FEDERAL PRACTICE); *see Christianson v. Colt Industries Operating Corp.*, 108 S. Ct. 2166, 2177 (1988). Thus, where an appellate court states a rule of law, it is conclusively established and determinative of the rights of the same parties in any subsequent appeal or retrial of the same case. *Nally v. Grace Com. Church of the Valley*, 253 Cal. Rptr. 97, 111, 763 P.2d 948, 962 (1988), *cert. denied*, 109 S. Ct. 1644 (1989); *Lange v. Nelson-Ryan Flight Service, Inc.*, 263 Minn. 152, 155, 116 N.W.2d 266, 269 (1962), *cert. denied*, 371 U.S. 953 (1963); *Board of Education v. Construction Corp.*, 64 N.C. App. 158, 160, 306 S.E.2d 557, 559 (1983). The law of the case doctrine does not apply, however, where different evidence is presented on the subsequent appeal, *see Lynch v. Grundy*, 98 N.H. 282, 284, 98 A.2d 160, 161 (1953); *see also Barney v. Winona, &c., Railroad Co.*, 117 U.S. 228, 231 (1886); *Perron v. Royal Oak Bd. of Ed.*, 155 Mich. App. 759, 766, 400 N.W.2d 709, 713 (1986), or where the issue before the court was not "fully briefed and squarely decided" when the case

was previously before the court. MOORE'S FEDERAL PRACTICE ¶ 0.404[1], at 120–21; *see Nally*, 253 Cal. Rptr. at 111–12, 763 P.2d at 962; *Sigurdson v. Isanti County*, 448 N.W.2d 62, 64 (Minn. 1989); *Security State Bank v. Gugelman*, 230 Neb. 842, 845, 434 N.W.2d 290, 292 (1989).

An attempt to apply the law of the case doctrine to the present case fails because the issue we addressed in *Estabrook* was very different from the one we addressed in *Rounds*. In *Estabrook* the only issue we decided was whether the statute barring negligence suits against co-employees was constitutional. *Estabrook*, 127 N.H. at 166, 498 A.2d at 742. In *Rounds* we were presented with another issue concerning co-employee negligence actions, but one that was distinct from the constitutional question addressed in *Estabrook*; that is, whether an employee could sue a co-employee for breaching a duty to provide a safe workplace. *Rounds*, 131 N.H. at 75–76, 550 A.2d at 101. We answered this question in the negative because "the purpose of the workers' compensation law . . . demands that an employee, who is charged with carrying out the employer's responsibility to provide a safe workplace, should not be subject to liability." *Id.* at 77, 550 A.2d at 101–02.

■ Despite the apparent limiting effect of *Rounds* on co-employee negligence suits, the case did not address the issue presented in *Estabrook*, nor did it address the workers' compensation statute in any other respect. Instead, *Rounds* set out the common law rules concerning an employer's nondelegable duty to provide a safe workplace, and held that one employee could not sue another for the failure to carry out the employer's obligation to provide a safe working environment. *Rounds*, 131 N.H. at 77, 550 A.2d at 101–02. That issue is very different from the one we reviewed and decided in *Estabrook*, and for that reason the law of the case doctrine does not apply to bar the defendant from relying on *Rounds*.

The plaintiff argues that the defendant is barred from using *Rounds* in his defense because the nondelegable duty position should have been raised by the defendant as an alternate theory when he filed his original motion to dismiss based upon the then valid statutory bar to co-employee negligence suits. We disagree.

■ To begin with, a judgment of reversal by an appellate court, such as this court's ruling in *Estabrook*, "'is not necessarily an adjudication by the appellate court of any other than the questions in terms discussed and decided.'" *Wolff Packing Co. v. Indus. Court*,

267 U.S. 552, 562 (1925) (quoting *Mutual Life Insurance Co. v. Hill*, 193 U.S. 551, 553–54 (1904)). Therefore, this court's reversal on the issue presented in the defendant's first motion to dismiss did not preclude the advancement of other defenses. *See General Inv. Co. v. Lake Shore Ry.*, 260 U.S. 261, 285 (1922).

■■ Next, looking specifically at the law of the case doctrine, the general rule is that decisions of an appellate court "upon a former appeal [are] controlling only as to the actual point determined in that appeal." *Security State Bank*, 230 Neb. at 845, 434 N.W.2d at 292; *see Southern Ry. Co. v. Kentucky*, 284 U.S. 338, 341 (1932); *Nally*, 253 Cal. Rptr. at 111, 763 P.2d at 962; *Sigurdson*, 448 N.W.2d at 64. As one commentator noted:

> "Only such issues [as] have actually been decided, either explicitly, or by necessary inference from the disposition, constitute the law of the case. Thus while a party on the first appeal may not omit argument on a point of law necessarily involved in the disposition of an appeal and present it on a second appeal, points of law not reached and decided in the first appeal remain open on remand and on a second appeal."

Moore's Federal Practice ¶ 0.404[1], at 120 n.15. As we explained above, the point of law reached and decided in *Rounds* was not the same as the one in *Estabrook*, nor was it necessarily involved in the disposition of the *Estabrook* case.

■■ We also reject the plaintiff's position that, like the doctrine of res judicata, the law of the case doctrine bars litigation of issues which might have been litigated on the first appeal. "The essence of the doctrine of res judicata is that 'a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action.'" *Eastern Marine Const. Corp. v. First Southern Leasing*, 129 N.H. 270, 273, 525 A.2d 709, 711–12 (1987) (quoting *Bricker v. Crane*, 118 N.H. 249, 252–53, 387 A.2d 321, 323 (1978)). Thus, while the application of res judicata concerns the binding effect of cases which have reached a final judgment, the law of the case doctrine is applicable only to rules of law announced at earlier stages of an ongoing case. In addition, the law of the case doctrine only applies when the same issue was actually litigated and decided on a prior appeal, *Security State Bank*, 230 Neb. at 845, 434 N.W.2d at 292, while the doctrine of res judicata encompasses not only issues actually litigated in a prior proceeding, but also issues which *could have been raised*, based on the factual transaction in question, *see Eastern Marine*, 129 N.H. at 275, 525

A.2d at 712. These rules are founded on common sense, since it would be unreasonable and inequitable to require litigants to proffer every possible theory of defense in a motion to dismiss.

■ In the case before us, the defendant moved to dismiss based on a clear, statutory prohibition to the plaintiff's cause of action, the ruling upon which became the law of the case for that issue. The purpose of the law of the case doctrine is to bar relitigation of settled issues, *see Christianson*, 108 S. Ct. at 2177, not to deprive litigants of the opportunity to fully pursue or defend their positions.

■ Furthermore, the law of the case doctrine is a rule of practice and not a limit on an appellate court's authority to reconsider a decision previously made by that court. *Lange*, 263 Minn. at 156, 116 N.W.2d at 269. "[A]djudication aims at a correct decision, and if [an appellate court] is convinced that the first decision was palpably wrong, the doctrine of the law of the case [does] not preclude correction of the error." MOORE'S FEDERAL PRACTICE ¶ 0.404[1], at 121; *see Vallee v. Company*, 89 N.H. 558, 558, 199 A. 894, 894 (1938) (once questions of law are decided on appeal, they will not be reexamined upon a subsequent appeal unless equity and justice require it).

Having dispensed with the plaintiff's argument concerning the law of the case doctrine, we now turn to her argument that the trial court's ruling should be reversed based on equitable considerations. She contends that it would be unfair to apply the *Rounds* decision to her because she was part of the pioneering effort which successfully invalidated the statutory bar to co-employee actions. The plaintiff then cites several of this court's opinions which state that one reason for applying a decision prospectively is to avoid inequitable results. *Hampton Nat'l Bank v. Desjardins*, 114 N.H. 68, 75, 314 A.2d 654, 658 (1974); *Madbury v. Durham*, 108 N.H. 479–80, 240 A.2d 760, 764 (1968).

■ The plaintiff's argument is once again based on the premise that *Rounds* took away something that this court gave her in the *Estabrook* decision. This simply is not true. The only question decided by this court in *Estabrook* was the constitutionality of RSA 281:12, II (Supp. 1983). Although that decision opened up an avenue for the plaintiff which was previously blocked by the statute, it was not an adjudication of the plaintiff's case on the merits, and did not

preclude all other defenses available to the defendant. Furthermore, as we noted in *Hall v. Tibert*, 132 N.H. at 622, 567 A.2d at 595, "retroactive application of *Rounds* would not result in inequitable consequences." Therefore, the trial judge did not err when he properly applied *Rounds* and granted the defendant's motion to dismiss.

*Affirmed.*

HORTON, J., did not sit; the others concurred.