**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0447, <u>Robert Larochelle v. Dover Mortgage Co. d/b/a David A. Bordetsky</u>, the court on April 6, 2015, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Dover Mortgage Co. d/b/a David A. Bordetsky, appeals an order of the Circuit Court (<u>Ashley</u>, J.) in favor of the plaintiff, Robert Larochelle, on his small claim for the principal amount under a promissory note. The defendant contends that the trial court erred by failing to find that the plaintiff's claim for the principal was barred by the doctrine of res judicata because the plaintiff could have sued for the principal in a prior small claim action for interest on the same note.

The applicability of res judicata presents a question of law that we review <u>de</u> <u>novo</u>. <u>In the Matter of Hampers & Hampers</u>, 166 N.H. 422, 429 (2014). The essence of the doctrine of res judicata is that a final judgment by a court of competent jurisdiction is conclusive upon the parties in subsequent litigation involving the same cause of action, even though the plaintiff is prepared in the second action to present evidence or grounds or theories of the case not presented in the first action. <u>Id</u>. A cause of action is the underlying right that is preserved by bringing a suit or action. <u>Hansa Consult of N. Am. v. Hansaconsult Ingenieurgesellschaft</u>, 163 N.H. 46, 50 (2011). A cause of action does not include claims for which the factual basis did not exist at the time of the first action. <u>West Gate Village Assoc. v. Dubois</u>, 145 N.H. 293, 297 (2000).

In this case, we conclude that the plaintiff's claims for interest due on the note from the defendant do not constitute the same cause of action as his claim for the principal due under the note. The note provides that "[u]pon default . . ., <u>at the option of the holder</u>, the entire principal amount outstanding and accrued interest under this note shall at once become due and payable without further notice or demand to" the defendant. (Emphasis added.) The trial court found, and the defendant does not contest, that the plaintiff "has successfully obtained a judgment against the defendant in connection with the interest payments that were not timely paid" but "has not received the principal of the amount owed." The defendant does not cite, nor are we aware of, any authority that, under a note giving the holder the option of demanding the principal upon default, a

claim for interest is the same cause of action as a claim for principal. Cf. Hansa Consult, 163 N.H. at 50 (holding action to enforce terms of settlement not same cause of action as one involving statutory and common law claims); LeTarte v. West Side Dev. Group, 151 N.H. 291, 294 (2004) (holding, under anticipatory breach doctrine, failure of obligor under installment contract to make several payments provides obligee with option to treat non-payment as total breach and maintain action for all damages under contract); Morgenroth & Assoc's v. State, 126 N.H. 266, 270 (1985) (holding action to enforce contract not same cause of action as one involving statutory right to indemnification).

The defendant argues that "as the relief requested in this case was available at the time [the plaintiff] filed his previous cases, res judicata precludes the current action." However, as the trial court correctly stated, a plaintiff is not compelled to "choose to pursue civil action to collect a principal balance rather than ongoing interest payments, when he is owed both amounts." The defendant argues that the plaintiff "shows no signs of ceasing his propensity to file piecemeal lawsuits." However, as the trial court correctly stated, "[w]hile repeated claims for the interest payments may be inconvenient to the defendant, he could certainly avoid such legal action if he paid the monies he promised to pay."

We conclude that the underlying right in the actions for interest payments is distinct from the right to bring an action for the principal. Res judicata is therefore inapplicable as between the two actions. See Morgenroth, 126 N.H. at 270.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

2