**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2015-0702, <u>Zen Williams v. Tanya Krajcik</u>, the court on August 22, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We reverse.

The defendant, Tanya Krajcik, appeals a judgment issued by the Circuit Court (<u>Coughlin</u>, J.) in favor of the plaintiff, Zen Williams, on his small claim seeking reimbursement for rent he paid under a residential lease. She contends that the trial court erred because: (1) the claim is barred by the statute of limitations, <u>see</u> RSA 508:4 (2010); (2) the parties agreed in writing to remove her from the lease; (3) she was not contractually obligated to the plaintiff to pay a portion of the rent; (4) the plaintiff was collaterally estopped from making his claim; and (5) the plaintiff did not establish that he had paid the rent. We review the trial court's application of law to facts <u>de</u> <u>novo</u> and defer to its findings of fact, if they are supported by evidence in the record. <u>Blagbrough Family Realty Trust v. A & T Forest Prods.</u>, 155 N.H. 29, 33 (2007).

We first address whether the plaintiff's claim is time barred. To be timely, a contract claim must be brought within three years of when the breach occurred. <u>Coyle v. Battles</u>, 147 N.H. 98, 100 (2001); <u>see</u> RSA 508:4. In this case, the plaintiff claimed that the defendant breached a "de facto" contract to pay him a portion of the monthly rent for a condominium in which he lived, but she had vacated. The plaintiff testified that in May 2009 he and the defendant signed a one-year lease on the condominium. Thus, any claim for breach of the alleged oral contract must have been brought no later than three years from the lease termination in June 2010. However, the plaintiff did not bring his action until January 28, 2015, more than three years after the lease terminated.

The plaintiff acknowledged before the trial court that he was "bootstrapping" his claim to the defendant's previously successful claim against him arising out of her ownership of a vehicle that he had been driving. On appeal, he argues that his claim for rent "did not come due until" the defendant received her judgment against him because "[t]he financial transactions . . . are linked" and "[w]ithout one transaction the other would not exist." However, although he testified that, if the defendant had not purchased the vehicle for his use, he would not have entered into the lease with her, he does not point to anything that legally joined the two distinct transactions. Contrary to the plaintiff's assertion, any claim he might have had against the defendant for rent

arose no later than the end of that lease. See W. Gate Village Assoc. v. Dubois, 145 N.H. 293, 298 (2000) (stating breach of contract occurs when there is failure, without legal excuse, to perform any promise which forms whole or part of contract).

The plaintiff argues that the defendant "can give no logical reasoning for her delayed litigation [regarding the vehicle] except for the purposeful and malicious use of the statute of limitation[s] to prevent counter suit." However, he does not cite, nor are we aware of, any authority requiring a party to bring an action when it is convenient for the other party.

Furthermore, aside from the untimeliness of his action, we note that on December 11, 2009, the plaintiff sent the defendant an e-mail stating that, when she vacated the condominium on August 8, 2009, "she was removed from the lease and no longer ha[d] any claims of residency" there.

Because we conclude that the plaintiff's claim against the defendant for rent is barred by the statute of limitations, we need not address the defendant's other arguments.

Reversed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

2