NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2018-0702


STEVEN ZANNINI & a.

v.

PHENIX MUTUAL FIRE INSURANCE COMPANY

Argued: November 6, 2019
Opinion Issued: December 17, 2019

Bernstein, Shur, Sawyer & Nelson, P.A., of Manchester (Roy W. Tilsley, Jr. and Hilary Holmes Rheaume on the brief, and Mr. Tilsley orally), for the plaintiff.


Primmer Piper Eggleston & Cramer, PC, of Manchester (Gary M. Burt and John D. Prendergast on the brief, and Mr. Burt orally), for the defendant.

DONOVAN, J. The plaintiffs, Steve and Pamela Zannini, appeal an order of the Superior Court (Kissinger, J.) granting summary judgment to the defendant, Phenix Mutual Fire Insurance Company, on the plaintiffs' breach of contract and declaratory judgment claims. The plaintiffs argue that: (1) a provision in the insurance policy at issue requiring that suits be brought within one year of the date of loss is unenforceable because it violates public policy; and (2) genuine issues of material fact exist as to whether the

defendant's communications tolled the one-year period, the defendant is estopped from asserting it as a defense, or the defendant waived it as a defense. We affirm. The one-year limitation period does not violate the public policy underlying statutes of limitations. Further, the communications between the parties did not create issues of material fact as to whether the one-year period was tolled or whether the defendant waived or was otherwise estopped from asserting the provision as a defense.

I. Facts

The following facts are drawn from the evidence presented to the trial court. On March 4, 2016, the plaintiffs' Ashland residence sustained "significant flooding" as the result of burst pipes. The house was insured by the defendant, and the plaintiffs filed a claim for water damage. The defendant sent an adjuster to investigate, who instructed the plaintiffs to remove the floor of the house so that he could investigate the area underneath. After they did so, the house began to collapse, and the plaintiffs repaired its framing to prevent it from collapsing completely. As a result of removing the floor, the plaintiffs "suffered a complete loss [of the house] and direct physical loss of [their] personal property and use of the [house] for a substantial amount of time." On May 3, 2016, the defendant sent the plaintiffs a letter denying coverage of the damage caused by the collapse.[1]

The insurance policy included the following "Suit Against Us" provision: "No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." Following the defendant's denial notice, the parties attempted to negotiate a resolution to the claim. On February 9, 2017, defendant's counsel sent plaintiffs' counsel a communication requesting "all documentation" relating to the collapse. Defendant's counsel sent plaintiffs' counsel another communication on March 19, 2017, stating that the defendant "would like to resolve the claim if possible." On September 8, 2017, plaintiffs' counsel sent defendant's counsel a letter with photographs of the damaged floor. On January 15, 2018, defendant's counsel sent plaintiffs' counsel a communication stating that the defendant's position had not changed.

On February 23, 2018, nearly two years after the pipes burst, the plaintiffs filed a breach of contract and declaratory judgment action against the defendant. The defendant moved for summary judgment, on the basis that the plaintiffs' suit was barred by the policy's one-year time-limitation provision.[2]

---

[1] The letter states that the additional damage was not covered because the defendant was "not given the opportunity to inspect the additional damages prior to tear down." Mr. Zannini maintained that he and his wife "never denied [the adjuster], or any representative of [the defendant] . . . , access to the [house]."

[2] The record does not indicate the date of collapse. However, assuming that the date of collapse

The plaintiffs opposed summary judgment, arguing that the provision is unenforceable because it violates the public policy underlying the statute of limitations, that the defendant's conduct tolled the time limit, and that genuine issues of material fact exist as to whether the defendant either waived or is estopped from asserting the time limit as a defense.

The trial court granted the summary judgment motion, concluding that allowing parties to contract for a shorter period to initiate an action than the statutorily prescribed limitation period does not violate the public policy underlying the statute of limitations. It also concluded that the provision was not unreasonable, and not unenforceable because the plaintiffs did not show that it was impossible for them to comply with the provision. Finally, the court concluded that the communications between the parties' counsel did not create an issue of material fact as to whether the defendant tolled the one-year period, was estopped from asserting it as a defense, or waived it. The plaintiffs filed a motion for reconsideration, which the trial court denied. This appeal followed.

## II. Standard of Review

We review a trial court's grant of summary judgment de novo. Clark v. N.H. Dep't of Emp't Sec., 171 N.H. 639, 650 (2019). When reviewing a trial court's grant of summary judgment, we consider the affidavits and other evidence, and all inferences properly drawn from them, in the light most favorable to the non-moving party. Id. If our review of that evidence reveals no genuine dispute of material fact, and if the moving party is entitled to judgment as a matter of law, we will affirm the grant of summary judgment. Id.

## III. Analysis

## A. Public Policy

The plaintiffs first argue that the insurance policy's one-year time-limitation provision is unenforceable because it violates the public policy underlying the statute of limitations. In general, parties to a contract are bound by the terms of an agreement freely and openly entered into and courts cannot improve the terms or conditions of an agreement that the parties themselves have executed or rewrite contracts merely because they might operate harshly or inequitably. Rizzo v. Allstate Ins. Co., 170 N.H. 708, 713 (2018). However, we will not enforce a contract or contract provision that contravenes public policy. Id.

---

occurred prior to the May 3, 2016 denial letter, whether the one-year time-limitation provision was triggered on the date of the initial water damage or the date of collapse does not affect our decision.

The declaration of public policy is primarily a matter for the legislature. Id. We have recognized two legislative public policy goals underlying statutes of limitations. See City of Rochester v. Marcel A. Payeur, Inc., 169 N.H. 502, 508 (2016); West Gate Village Assoc. v. Dubois, 145 N.H. 293, 298 (2000). "Such statutes . . . represent the legislature's attempt to achieve a balance among State interests in protecting both forum courts and defendants generally against stale claims and in insuring a reasonable period during which plaintiffs may seek recovery on otherwise sound causes of action." Payeur, 169 N.H. at 508 (quotation omitted); see Dubois, 145 N.H. at 298. The plaintiffs argue that the time-limitation provision is unenforceable because it violates both public policies described above: first, because parties may not contract to shorten the statutory time period to file suit and, second, because a one-year limitation period that accrues from the date of loss or includes a condition precedent is unreasonable. We address each argument in turn.

The plaintiffs contend that New Hampshire law prohibits parties from contracting for a shorter limitations period than the statutory period established by the legislature. In support of this proposition, they rely primarily upon our decisions in Dubois and Payeur. In Dubois, 145 N.H. at 298-99, we concluded that a party could not "circumvent the legislature's declaration of public policy . . . by contractually extending the three-year statute of limitations [to six years] before any cause of action exists." Similarly, in Payeur, 169 N.H. at 508, we declined to allow a municipality to file suit alleging a breach of contract after the statute of limitations had expired because doing so would, in part, contravene the public policy underlying the statute of limitations. Our analysis in both cases centered upon the public policy implications of allowing parties to bring claims after, not before, the statute of limitations expired. See id.; Dubois, 145 N.H. at 298-99.

The plaintiffs draw from these decisions the principle that parties may not contractually alter the statutory time period to file suit, equating the public policy implications of contracting for a period that is longer than the statutory period to the implications of contracting for a period that is shorter than the statutory period. But the plaintiffs' reasoning is flawed, given that the public policy implications of the two propositions are fundamentally different. The statute of limitations reflects the legislature's determination that a cause of action brought after the statutory time period has expired is stale and unfit for judicial consideration. See Payeur, 169 N.H. at 508. Allowing parties to contract to bring a cause of action after the statutory period has expired thus opens courts and defendants to stale claims. See id. A cause of action brought within the period established by the statute of limitations, on the other hand, is not considered stale. Allowing parties to agree that a cause of action must be brought before the expiration of the statutory period does not raise similar concerns over stale claims and does nothing to undermine the policy objectives of protecting parties and courts from stale claims. See id.; see also John J. Kassner & Co. v. City of New York, 389 N.E.2d 99, 103 (N.Y. 1979) (noting that

4

allowing parties to agree that a "suit must be commenced within a shorter period than is prescribed by law . . . more effectively secures the end sought to be attained by the statute of limitations" (quotation omitted)).

Furthermore, a contractual provision allowing parties to file a cause of action after the statute of limitations has expired in essence renders the statute a nullity. A contractual provision providing for less than the statutory time to file a cause of action, on the other hand, does not render that statute superfluous because the cause of action must still comply with the statute. Thus, for example, if the defendant waived the one-year limitations period set forth in the policy, any cause of action pursued by the plaintiffs would still be required to comply with the statute of limitations. Allowing parties to agree to a time period that is shorter than the statute of limitations, therefore, does not allow parties to "circumvent" the public policy underlying the statute. Cf. Dubois, 145 N.H. at 298-99. Accordingly, we conclude that the one-year limitation provision does not violate the public policy of protecting courts and defendants from stale claims.

The plaintiffs next argue that the provision violates public policy because it provides plaintiffs less than a full year to file suit and is therefore unreasonable. They rely upon Clark v. Truck Insurance Exchange, 598 P.2d 628 (Nev. 1979), to support this argument. In Clark, the Nevada Supreme Court noted that a one-year time limitation could "represent a reasonable balance between the insurer's interest in prompt commencement of action and the insured's need for adequate time to bring suit." Id. at 629. However, the court ruled that an insurance policy provision requiring that a suit be brought within one year of the date of loss would run from the date the insurer denied the claim, because the policy had "built-in delays" that allowed the insurer to delay denial of the claim until the one-year period had expired. Id.

Even assuming, without deciding, that, as held by the Clark Court, the one-year limitation period was triggered by the defendant's denial of the plaintiffs' claim, rather than the date of their loss, the plaintiffs' action is still time-barred. Cf. id. at 629. The defendant denied the insurance claim on May 3, 2016, yet the plaintiffs did not file suit until February 23, 2018, more than one year after the date of denial. We therefore find Clark unavailing to the plaintiffs.

The plaintiffs also contend that the one-year limitation provision is unreasonable because it prevents an insured party from filing suit unless "the policy provisions have been complied with." They argue that this "condition precedent" renders the policy unreasonable. They do not argue that this condition renders the one-year time-limitation provision unreasonable as applied to them. Rather, they argue that it is conceivable that an insured could not comply with the policy provisions within one year.

5

As support for this argument, the plaintiffs rely upon <u>Executive Plaza, LLC v. Peerless Insurance Co.</u>, 5 N.E.3d 989 (N.Y. 2014). In <u>Executive Plaza</u>, the New York Court of Appeals concluded that a two-year time-limitation provision was unreasonable as applied because it included a condition precedent that could not be met within two years. <u>Id</u>. at 990. The provision thus functioned as a "nullification of the claim," and not a limitation period. <u>Id</u>. at 992. The court noted that there was nothing "inherently unreasonable" about a two-year limitation period, and that it had upheld one-year and six-month limitation periods. <u>Id</u>. at 991. Here, by contrast, there is nothing in the record that shows, and the plaintiffs do not contend, that they could not comply with the policy provisions within the one-year period. The time-limitation provision thus did not function as a "nullification" of their claim. <u>Cf</u>. <u>id</u>. at 992. Furthermore, the court in <u>Executive Plaza</u> explained that time-limitation provisions should be examined under the facts of a particular case. <u>Id</u>. This observation also renders <u>Executive Plaza</u> inapposite, because the plaintiffs do not argue that they could not comply with the provision's condition within one year, only that it could theoretically happen. <u>Cf</u>. <u>id</u>.

Accordingly, we conclude that the one-year limitation is not unreasonable as applied to the plaintiffs. They point to no evidence in the record which suggests that, based upon the application of the time-limitation provision to their factual circumstances, they did not have sufficient time to initiate a suit. We therefore conclude that the one-year limitation provision as applied here is not unreasonable.[3]

### B. Tolling, Estoppel, and Waiver

The plaintiffs next argue that there are genuine issues of material fact as to whether the defendant's communications tolled the limitation period, the defendant is estopped from asserting the limitations provision as a defense, or the defendant waived it. We address each argument in turn.

The plaintiffs first argue that communications between the parties' counsel create an issue of material fact as to whether the one-year period was tolled. The statute of limitations may be tolled by a party's acknowledgment of a subsisting debt accompanied by a direct and unqualified admission that the party is liable and willing to pay. <u>A&B Lumber Co. v. Vrusho</u>, 151 N.H. 754, 756 (2005). On February 9, 2017, defendant's counsel requested "all documentation" relating to the collapse from plaintiffs' counsel. On March 19,

---

[3] We note that other courts have upheld one-year time-limitation provisions. <u>See, e.g.</u>, <u>Thornton v. Georgia Farm Bureau Mut. Ins. Co.</u>, 695 S.E.2d 642, 643 (Ga. 2010) (commenting that "courts have . . . enforced . . . contractual periods of limitation, including the one-year limitation in insurance policies"); <u>Eagle Fire Corp. v. First America Ins.</u>, 678 A.2d 699, 704 (N.J. 1996) (noting that the New Jersey Supreme Court "has routinely upheld contract provisions that create a one-year time limitation in which claimants may bring suit").

2017, defendant's counsel sent plaintiffs' counsel a communication stating that the defendant "would like to resolve this claim if possible."

Assuming, without deciding, that a contractual limitation period may be tolled in the same manner as a statutory period, we conclude that the communications do not create an issue of material fact as to whether the defendant acknowledged a debt or made a direct or unqualified admission of liability or willingness to pay. In the communications, the defendant merely requested information about the damage and expressed a desire to "resolve" the claim "if possible." The defendant did not acknowledge any obligation to the plaintiffs, nor did its communication suggest that the policy provided coverage for the damage caused by the collapse. See Soper v. Purdy, 144 N.H. 268, 270-71 (1999) ("'[I]f the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, . . . we think they ought not to go to a jury as evidence of a new promise to revive the cause of action.'" (quoting Shepherd v. Thompson, 122 U.S. 231, 237 (1887)).

The plaintiffs next argue that the communications between the parties' counsel create a dispute of material fact as to whether the defendant is estopped from asserting the time-limitation provision as a defense. The plaintiffs assert that the defendant told the plaintiffs it intended to resolve the dispute through negotiations, thereby inducing them to rely upon that representation until the one-year period elapsed. A party asserting equitable estoppel must prove four elements: (1) a representation or concealment of material facts made with knowledge of those facts; (2) the party to whom the representation was made must have been ignorant of the truth of the matter; (3) the representation must have been made with the intention of inducing the other party to rely upon it; and (4) the other party must have been induced to reasonably rely upon the representation to his or her injury. Sunapee Difference v. State of N.H., 164 N.H. 778, 792-93 (2013).

We conclude that the communications do not create an issue of material fact as to whether the defendant intended to induce the plaintiffs to believe that it would resolve the claims through negotiations. Again, the February 9 communication merely requested documentation regarding the collapse, while the March 19 communication noted that the defendant sought to resolve the claim, "if possible." Neither communication contains a representation, explicit or implicit, about resolving the dispute solely through negotiation. At best, these communications demonstrate that the defendant remained willing to consider the plaintiffs' claim.

Finally, the plaintiffs argue that these same communications create a dispute of material fact as to whether the defendant waived the time-limitation provision as a defense. To establish waiver, the plaintiff must point to explicit language indicating the defendant's intent to forgo a known right, or conduct from which it may be inferred that the defendant abandoned this right. Forbes

Farm P'ship v. Farm Family Mut. Ins. Co., 146 N.H. 200, 204 (2001).  We conclude that the communications do not create an issue of material fact as to whether they demonstrate the defendant's intent to abandon its right to assert the time-limitation as a defense.  See id.  Merely requesting more information or expressing a desire to resolve a claim is insufficient to establish a waiver of a time-limitation provision.  Id.

## IV. Conclusion

For the reasons stated above, we affirm the trial court's grant of summary judgment to the defendant on the plaintiffs' breach of contract and declaratory judgment claims.

Affirmed.

HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.